ON MOTION FOR REHEARING OR CLARIFICATION
 

 ROTHENBERG, J.
 

 Upon consideration of the appellee’s motion for rehearing or clarification, we withdraw our previous opinion filed on June 9, 2010, and substitute the following opinion in its stead.
 

 This is an appeal of a final summary judgment in a mortgage foreclosure action entered in favor of plaintiff, HSBC Bank USA (“HSBC”), and against the defendants, Glazy Ruscalleda and Jose Ruscalle-da. Based on the unique circumstances of this case, we reverse and remand for further proceedings.
 

 The unique circumstances surrounding this case involve a rather confusing situation caused by two banks — -the appellee, HSBC, and American Home Mortgage Servicing, Inc. (“American Home Mortgage”) — because they were simultaneously attempting to foreclose the same mortgage. On October 8, 2008, American Home Mortgage filed a foreclosure action against the defendants.
 
 [1]
 
 A week later, HSBC filed an action to foreclose the same exact mortgage. The complaint filed by HSBC falsely alleged that it was the
 
 current
 
 owner and holder of the mortgage and note, when, in reality, American Home Mortgage was still the holder of the note and mortgage.
 
 [2]
 
 On October 28, 2008, due to the actions of American Home Mortgage and HSBC, the defendants, who were acting pro se at that time, filed an answer and affirmative defenses only in the foreclosure action filed by American Home Mortgage, which was the holder of the mortgage and note, because they mistakenly believed that the complaints involved the same foreclosure action.
 

 After filing their pro se answer and affirmative defenses, the defendants retained counsel. Continuing in their mistaken belief, they did not inform their attorney of the action filed by HSBC. On November 13, 2008, counsel filed an amended answer and affirmative defenses on behalf of the defendants in the American Home Mortgage action, but took no action on the HSBC complaint.
 

 Although the defendants did not file an answer in response to HSBC’s complaint, HSBC never moved for a default judgment.
 
 [3]
 
 Instead, on January 22, 2009,
 
 *949
 
 HSBC moved for summary judgment, scheduling the hearing for March 24, 2009. When the defendants received the motion for summary judgment in the HSBC action, it sent the motion to their counsel. It was at that point, that the defendants and their counsel realized that two separate banks were attempting to simultaneously foreclose on the same mortgage, but that they only had been defending the initial action filed by American Home Mortgage.
 

 On February 23, 2009, the defendants filed a memorandum of law in opposition to the motion for summary judgment, the affidavit of Glazy Ruscalleda, and a motion to transfer the case to the division where the foreclosure action filed by American Home Mortgage was pending (“Motion to Transfer”). On February 25, 2009, the defendants filed a request for production, request for admissions, and notice of interrogatory. American Home Mortgage waited until the day before the scheduled hearing to file its notice of voluntary dismissal, although it had executed the assignment of mortgage almost three months earlier.
 

 At the scheduled hearing, the trial court heard the arguments raised by HSBC in its motion for summary judgment and by defense counsel in his memorandum of law filed in opposition. Although it is undisputed that the defendants’ discovery was still pending, the trial court entered final summary judgment on the same day as the hearing, March 24, 2009, in favor of HSBC.
 
 [4]
 

 Based on the unique circumstances set forth above, we conclude that the order under review must be reversed, and the cause remanded for further proceedings, with directions to allow the defendants to file an answer and affirmative defenses and to require HSBC to respond to the defendants’ discovery requests. The record clearly demonstrates that the defendants’ failure to file a timely answer and affirmative defenses in the action filed by HSBC was due to the confusion caused by American Home Mortgage and HSBC when they were simultaneously attempting to foreclose on the same exact mortgage in two different divisions of the circuit court.
 

 Reversed and remanded with directions.
 

 [1]
 

 . The defendants executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit ("MERS”). On August 14, 2008, MERS executed an assignment of mortgage in favor American Home Mortgage.
 

 [2]
 

 . On December 9, 2008, American Home Mortgage executed an assignment of mortgage, assigning the mortgage to HSBC, which was filed on January 2, 2009.
 

 [3]
 

 .Had HSBC moved for a default judgment, the motion would have immediately apprised the defendants of their confusion. If a final default judgment was entered, the defendants could have moved to vacate under Florida Rule of Civil Procedure 1.540(b). Based on
 
 *949
 
 the facts set forth above, we cannot imagine that the trial court would have denied the motion.
 

 [4]
 

 . The trial court did not rule on the defendants’ motion to transfer the HSBC action to the division handling the American Home Mortgage foreclosure action. As previously stated, on the day before the scheduled hearing, American Mortgage voluntarily dismissed the action.