POLEN, J.
The defendants appeal the trial court’s order granting summary judgment of foreclosure in favor of Green Tree. We reverse summary judgment because we find there were genuine issues of material fact, including, but not limited to, the issue of *286 whether Green Tree had standing to foreclose.
Standing to foreclose may be established by either an assignment or equitable transfer of the mortgage prior to the filing of the complaint. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). “[T]he plaintiff must prove that it had standing to foreclose when the complaint was filed.” Id. We reverse because we find that there were genuine issues of material fact, including, but not limited to, the issue of whether Green Tree had standing to foreclose at the time the complaint was filed in this action. Id.; see also Rigby v. Wells Fargo Bank, N.A., 84 So.3d 1195 (Fla. 4th DCA 2012).
Although it is not necessary to address the other issues on appeal, we find it problematic that two different plaintiffs filed separate actions to foreclose on the same mortgage. Once aware that there were two separate foreclosure actions on the same mortgage, it would be wise to consolidate these actions. Even so, the defendants were able to adequately litigate the instant action, which is the only case on appeal in this court. Contra Ruscalleda v. HSBC Bank USA 43 So.3d 947 (Fla. 3d DCA 2010) (reversing on the grounds that the confusion caused by two banks simultaneously attempting to foreclose on the same mortgage resulted in the defendants not filing a timely answer in the case on appeal). Nonetheless, and because we hold there were genuine issues of material fact below, we reverse the trial court’s entry of final summary judgment.

Reversed and Remanded.

GROSS, J., and SHAHOOD, GEORGE A., Senior Judge, concur.