ON MOTION FOR CLARIFICATION

PER CURIAM.
We grant appellee’s motion for clarification, withdraw our previously issued opinion, and substitute the following in its place.
Robert McLean appeals a final judgment of foreclosure entered in favor of JP Morgan Chase Bank (“Chase”) as Trustee for holders of certain mortgage pass-through certificates. We reverse, concluding that the trial court erred in entering summary judgment in Chase’s favor, where the record lacked any evidence that Chase had standing to foreclose at the time the lawsuit was filed.
On May 11, 2009, Chase filed a two-count mortgage foreclosure action against the appellant, Robert McLean. The complaint generally alleged that McLean had defaulted under the note and mortgage, *172 and that Chase was “the legal and/or equitable owner and holder of the Note and Mortgage and has the right to enforce the loan documents.” Count I of the complaint was entitled “Mortgage Foreclosure,” while Count II was entitled “Reestablishment of Lost Note.” Count II alleged that Chase “is not in possession of the subject Promissory Note and [Chase] cannot reasonably obtain possession of said Note because it is lost, stolen, or destroyed.” The copy of the mortgage attached to the complaint stated that the lender was American Brokers Conduit and that the mortgagee was MERS.
McLean filed a motion to dismiss, which the trial court denied on April 7, 2010. However, in the order denying McLean’s motion to dismiss, the trial court ordered Chase to file and serve within fifteen days “a copy of the assignment by which it obtained its rights and standing to proceed in this cause.... ” In compliance with the trial court’s order, Chase filed an Assignment of Mortgage, which reflected that MERS assigned the mortgage to Chase. However, the Assignment of Mortgage was signed by MERS representatives on May 14, 2009, three days after Chase filed the instant foreclosure complaint.
McLean filed a second motion to dismiss, arguing that Chase did not have standing to file its complaint because on the date of filing, May 11, 2009, Chase was not the owner of the Note and Mortgage. The trial court denied McLean’s second motion to dismiss. Subsequently, on May 13, 2010, McLean filed an Answer and Affirmative Defenses, raising various affirmative defenses, including the defense that Chase did not have standing to file its complaint.
Subsequently, Chase filed the original note and mortgage, as well as a reply to McLean’s affirmative defenses. The original note bore a special endorsement, stating: “Pay to the Order of JPMorgan Chase Bank, N.A., as Trustee Without Recourse By: American Brokers Conduit.” The endorsement to the note was not dated.
Chase filed a motion for summary judgment, as well as an affidavit in support of summary judgment. The affidavit, which was executed by a representative of American Home Mortgage Servicing after the lawsuit was filed, set forth the amounts due and owing under the loan. The affidavit further stated that Chase “is the holder and owner” of the mortgage originally given by Robert McLean to MERS. However, the affidavit did not specifically state when Chase became the owner of the note and mortgage, nor did the affidavit indicate that Chase was the owner of the note and mortgage before suit was filed. In fact, the affidavit failed to mention any endorsement of the note to Chase. Following a hearing on Chase’s motion for summary judgment, the trial court entered a final judgment of foreclosure in favor of Chase. McLean appealed.
The standard of review of an order granting summary judgment is de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). When reviewing a final summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. Princeton Homes, Inc. v. Morgan, 38 So.3d 207, 208 (Fla. 4th DCA 2010). “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.” Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
*173 A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose. See Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010); Verizzo v. Bank of N.Y., 28 So.3d 976, 978 (Fla. 2d DCA 2010); Philogene v. ABN Amro Mortg. Group Inc., 948 So.2d 45, 46 (Fla. 4th DCA 2006).
Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint. See WM Specialty Mortg., LLC v. Salomon, 874 So.2d 680, 682-83 (Fla. 4th DCA 2004) (“[A] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt .... ”); see also Taylor v. Bayview Loan Servicing, LLC, 74 So.3d 1115, 1117-18 (Fla. 2d DCA 2011). For example, standing may be established from a plaintiffs status as the note holder, regardless of any recorded assignments. Harvey v. Deutsche Bank Nat’l Trust Co., 69 So.3d 300, 304 (Fla. 4th DCA 2011).
If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement. See Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1106-07 (Fla. 4th DCA 2010); Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010). Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note. See Servedio, 46 So.3d at 1107.
Even in the absence of a valid written assignment, the “mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered.” Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938). Thus, where there is an indication that equitable transfer of the mortgage occurred prior to the assignment, dismissal of the complaint is error, even if the assignment was executed after the complaint was filed. See Salomon, 874 So.2d at 682-83 (“At a minimum, as WM Specialty suggests, the court should have upheld the complaint because it stated a cause of action, but considered the issue of WM Specialty’s interest on a motion for summary judgment. An evidentiary hearing would have been the appropriate forum to resolve the conflict which was apparent on the face of the assignment, i.e., whether WM Specialty acquired interest in the mortgage prior to the filing of the complaint.”) (emphasis added).
While it is true that standing to foreclose can be demonstrated by the filing of the original note with a special endorsement in favor of the plaintiff, this does not alter the rule that a party’s standing is determined at the time the lawsuit was filed. See Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic, 913 So.2d 1281, 1286 (Fla. 2d DCA 2005). Stated another way, “the plaintiff’s lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed.” Id. at 1285. Thus, a party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact. Id. at 1286.
To summarize, the plaintiff must prove that it had standing to foreclose when the complaint was filed. See Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010) (“Because J.P. Morgan did not *174 own or possess the note and mortgage when it filed its lawsuit, it lacked standing to maintain the foreclosure action.”); see also Jeff-Ray Corp. v. Jacobson, 566 So.2d 885, 886 (Fla. 4th DCA 1990) (holding that a foreclosure complaint failed to state a cause of action where plaintiffs relied on assignment of mortgage that was dated four months after the lawsuit was filed).
Even where an assignment of mortgage does not occur until after the complaint is filed, there are several ways a plaintiff may establish its standing to foreclose at the inception of the suit. Where the plaintiff contends that its standing to foreclose derives from an endorsement of the note, the plaintiff must show that the endorsement occurred prior to the inception of the lawsuit. If the note or allonge reflects on its face that the endorsement occurred before the filing of the complaint, this is sufficient to establish standing. See, e.g., Taylor, 74 So.3d at 1117-18. Similarly, if the plaintiff relies upon an affidavit of ownership to prove its status as a holder of the note on the date the lawsuit was filed, it is sufficient if the body of the affidavit indicates that the plaintiff was the owner of the note and mortgage before suit was filed. Alternatively, if the affidavit itself is executed before the lawsuit is filed, the allegation that the plaintiff is the “owner and holder of the note” is sufficient to establish the plaintiffs standing at the inception of the lawsuit.
In the present case, as is common in recent foreclosure cases, Chase did not attach a copy of the original note to its complaint, but instead brought a count to re-establish a lost note. Later, however, Chase filed with the circuit court the original promissory note, which bore a special endorsement in favor of Chase. Because Chase presented to the trial court the original promissory note, which contained a special endorsement in its favor, it obtained standing to foreclose, at least at some point. See, e.g., Kaminik v. Countrywide Home Loans, Inc., 64 So.3d 195, 196 (Fla. 4th DCA 2011) (reversing fee award but otherwise affirming summary final judgment of foreclosure where the record demonstrated that the appellee “tendered the original promissory note to the trial court, which contained a special indorsement in its favor”).
Nonetheless, the record evidence is insufficient to demonstrate that Chase had standing to foreclose at the time the lawsuit was filed. The mortgage was assigned to Chase three days after Chase filed the instant foreclosure complaint. While the original note contained an undated special endorsement in Chase’s favor, the affidavit filed in support of summary judgment did not state when the endorsement was made to Chase. Furthermore, the affidavit, which was dated after the lawsuit was filed, did not specifically state when Chase became the owner of the note, nor did the affidavit indicate that Chase was the owner of the note before suit was filed. Therefore, Chase failed to submit any record evidence proving that it had the right to enforce the note on the date the complaint was filed. See U.S. Bank Nat’l Ass’n v. Kimball, 27 A.3d 1087 (Vt.2011) (bank that filed a foreclosure complaint against a homeowner did not show that, at the time it filed the complaint, the bank possessed the original promissory note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to the bank; although the bank ultimately submitted the promissory note with an undated specific endorsement to the bank, the bank provided no information as to when such endorsement was made).
We therefore reverse the summary judgment and corresponding final judg *175 ment of foreclosure. On remand, in order for Chase to be entitled to summary judgment, it must show, without genuine issue of material fact, that it was the holder of the note on the date the complaint was filed (i.e., that the note was endorsed to Chase on or before the date the lawsuit was filed). By contrast, if the evidence shows that the note was endorsed to Chase after the lawsuit was filed, then Chase had no standing at the time the complaint was filed, in which case the trial court should dismiss the instant lawsuit and Chase must file a new complaint. See Jeff-Ray Corp., 566 So.2d at 886. An evidentiary hearing may also be required if there is disputed evidence on an issue, such as to the date the note was endorsed to Chase.

Reversed and Remanded for further proceedings consistent with this opinion.

TAYLOR, HAZOURI and LEVINE, JJ., concur.