GROSS, J.
GMAC Mortgage, LLC, the plaintiff in a mortgage foreclosure action, timely appeals a final order by the trial judge dismissing its suit against the defendants for lack of standing. We reverse because the trial judge erred in dismissing the lawsuit without a hearing and in violation of due process principles.
As the assignee of a mortgage, GMAC brought a mortgage foreclosure suit against the defendants. GMAC’s amended complaint contained copies of the mortgage and promissory note. The defendants failed to file a response and the clerk entered a default upon GMAC’s motion.
GMAC moved for summary judgment. The defendants did not respond. The trial judge sua sponte entered a final order dismissing the action for lack of standing on the grounds that “the mortgage was not assigned until after th[e] action was filed on March 22, 2010.” In the final order, the trial judge found that “when th[e] action was filed the Mortgage was not owned by [GMAC] and [GMAC] lacked standing to file the complaint.”
The review of a final order dismissing a cause of action for lack of standing is de novo. Wheeler v. Powers, 972 So.2d 285, 288 (Fla. 5th DCA 2008) (citing Putnam Cnty. Envtl. Council, Inc. v. Bd. of Cnty. Comm’rs of Putnam Cnty., 757 So.2d 590 (Fla. 5th DCA 2000)).
In a mortgage foreclosure proceeding, the party seeking foreclosure must demonstrate that it had standing to foreclose at the time it filed the complaint. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 *782 So.3d 170, 173 (Fla. 4th DCA 2012). To have standing, “[t]he party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.” Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010) (citing Verizzo v. Bank of N.Y., 28 So.3d 976, 978 (Fla. 2d DCA 2010); Philogene v. ABN Amro Mortg. Group Inc., 948 So.2d 45, 46 (Fla. 4th DCA 2006)). In this regard, a plaintiff may also establish standing by presenting evidence which shows “either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint.” McLean, 79 So.3d at 173 (emphasis added). Even if the assignment of the mortgage does not occur until after the plaintiff files the complaint, the “mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered.” Id. at 173 (quoting Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938)). “Thus, where there is an indication that equitable transfer of the mortgage occurred prior to the assignment, dismissal of the complaint is error, even if the assignment was executed after the complaint was filed.” Id. at 173 (emphasis added).
In this case, there was evidence indicating an equitable transfer prior to the filing of the complaint conferred standing on GMAC to bring suit. Resolution of the issue required an evidentiary hearing. See WM Specialty Mortg., LLC v. Salomon, 874 So.2d 680, 682-83 (Fla. 4th DCA 2004). Also, “[a] trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings” as a dismissal under these circumstances “denies the parties due process because the claim is being dismissed without ‘notice and an opportunity for the parties and counsel to be heard.’ ” Nat'l City Bank v. Nagel, 95 So.3d 458, 459 (Fla. 4th DCA 2012) (quoting Liton Lighting v. Platinum Television Grp., Inc., 2 So.3d 366, 367 (Fla. 4th DCA 2008)).

Reversed and remanded for further proceedings.

POLEN and CONNER, JJ., concur.