PER CURIAM.
Cesar and Ruth Vidal (“the Vidals”) appeal the trial court’s order granting summary judgment and entering a final judgment of foreclosure in favor of Liquidation Properties, Inc. (“Liquidation”). The Vi-dals claim the trial court erred in finding: (1) Liquidation had standing to seek foreclosure of their note and mortgage, and (2) their affirmative defenses for fraud, misrepresentation, and violation of the federal Truth in Lending Act were legally insufficient. We reverse on the issue of standing and the rejection of the Vidals’ affirmative defense of Truth in Lending violations. We affirm on the remaining issues.
The Vidals executed two notes and mortgages in favor of Option One Mortgage Corporation for the purchase of their home. On February 5, 2009, Liquidation filed a complaint for foreclosure on one of *543 the mortgages, to enforce a lost note, and to reestablish a lost mortgage. The Vidals answered and raised fifteen affirmative defenses. Subsequently, the affirmative defenses were amended down to seven. In the amended affirmative defenses, the Vi-dals alleged Liquidation lacked standing to foreclose. They asserted equitable estop-pel and fraud barred the complaint due to the lender’s placing false income and other financial information on the mortgage application. They also alleged, for the first time, violations of the federal Truth in Lending Act and related regulations, seeking rescission of the mortgage and recoupment of damages based on the lender’s failure to comply with federal disclosure requirements, for misrepresenting that the loan terms were fixed, and for failing to disclose the actual payment terms.
At the final hearing on summary judgment, the trial court held that Liquidation met its initial burden to establish standing to foreclose on the note and mortgage. To demonstrate standing, Liquidation produced the original note and mortgage, an undated allonge endorsed in blank, and a mortgage assignment executed on February 6, 2009, with an effective date of January 15, 2009. The trial court then held there was no material issue of fact as to standing because the Vidals could not introduce evidence to dispute the assignment took place. The Vidals argue the trial court erred in this finding because (1) the original note and mortgage were not produced at least twenty days prior to the summary judgment hearing, as required by rule 1.510(c), and (2) the back-dated assignment does not demonstrate, as a matter of law, that a legal or equitable transfer of the note and mortgage occurred prior to the filing of the complaint.
Regarding the violation of rule 1.510(c), the transcript reflects that counsel for the Vidals waived this rule, instead deciding to oppose the motion for summary judgment on the merits. As the issue was waived, it cannot be grounds for reversal on appeal. Azanza v. Private Funding Group, 24 So.3d 586, 587 (Fla. 4th DCA 2009).
We have held that the one who owns and holds the note is entitled to foreclose on the mortgage. See, e.g., Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932 (Fla. 4th DCA 2010). In filing a mortgage foreclosure suit, as well as seeking a summary judgment, it is incumbent on the plaintiff to be in a position to prove he, she, or it owns and holds the note as of the date suit is filed.
“[T]he plaintiff must prove that it had standing to foreclose when the complaint was filed.” McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). “Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint.” Id. In McLean, the bank filed a complaint for foreclosure on May 11, 2009. Id. at 171. The mortgage reflected the mortgagee as a third party. When ordered to provide proof of assignment, the bank filed an assignment of mortgage reflecting an effective date of May 14, 2009. The bank moved for summary judgment and filed an affidavit in support of summary judgment. The affidavit did not state when the note or mortgage was transferred to the bank. Id. The trial court granted summary judgment, but this Court reversed, holding the record evidence was insufficient to demonstrate the bank had standing to foreclose at the time the complaint was filed. Id. at 173.
The McLean court’s reasoning is pertinent to this case and bears repeating:
Even where an assignment of mortgage does not occur until after the complaint is filed, there are several ways a plain *544 tiff may establish its standing to foreclose at the inception of the suit. Where the plaintiff contends that its standing to foreclose derives from an endorsement of the note, the plaintiff must show that the endorsement occurred pri- or to the inception of the lawsuit. If the note or allonge reflects on its face that the endorsement occurred before the filing of the complaint, this is sufficient to establish standing, [citation omitted] Similarly, if the plaintiff relies upon an affidavit of ownership to prove its status as a holder of the note on the date the lawsuit was filed, it is sufficient if the body of the affidavit indicates that the plaintiff was the owner of the note and mortgage before suit was filed. Alternatively, if the affidavit itself is executed before the lawsuit is filed, the allegation that the plaintiff is the “owner and holder of the note” is sufficient to establish the plaintiffs standing at the inception of the lawsuit....

While the original note contained an undated special endorsement in Chase’s favor, the affidavit filed in support of summary judgment did not state when the endorsement was made to Chase. Furthermore, the affidavit, which was dated after the lawsuit was filed, did not specifically state when Chase became the owner of the note, nor did the affidavit indicate that Chase was the owner of the note before suit was filed. Therefore, Chase failed to submit any record evidence proving that it had the right to enforce the note on the date the complaint was filed.

Id. at 174 (emphasis added) (citation omitted).
While Liquidation filed the original note and an allonge to the note endorsed in blank, the allonge is not dated, and Liquidation did not file an affidavit demonstrating that the note was transferred pri- or to the filing of the complaint. The assignment of mortgage reflects transfer of only the mortgage, not the note. Although the Assignment of Mortgage was sworn to on February 6, 2009, and states “ASSIGNMENT EFFECTIVE AS OF 01/15/2009,” two inferences can be drawn from the effective date language. One could infer that ownership of the note and mortgage were equitably transferred to Liquidation on January 15, 2009, but one could also infer that the parties to the transfer were attempting to backdate an event to their benefit.[1] Because the language yields two possible inferences, proof is needed as to the meaning of the language, and a disputed fact exists. Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc., 981 So.2d 654, 655 (Fla. 4th DCA 2008).
Therefore, we find the trial court erred in ruling there was no issue of material fact regarding standing, as the record does not reflect as a matter of law that Liquidation had standing on the date the complaint was filed.
The trial court held the affirmative defense of violations of the Truth in Lending Act was legally insufficient because the statute of limitations under that Act had run. Federal law imposes a three-year statute of limitations from the consummation of the transaction on any action for rescission under the Truth in Lending Act. 15 U.S.C. § 1635(f) (2006); Dove v. McCormick, 698 So.2d 585, 587 (Fla. 5th DCA 1997). A one-year statute of limitation from the date of violation of the Act applies to actions for recoupment. 15 U.S.C. § 1640(e). However, when re-coupment and setoff are raised as a de *545 fense, the one-year statute of limitations does not apply. Title 15 U.S.C. 1640(e) states:
This subsection does not bar a person from asserting a violation of this sub-chapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by re-coupment or set-off in such action, except as otherwise provided by State law.
The Vidals’ affirmative defense seeking re-coupment damages and set-off for Truth in Lending violations was not barred by the statute of limitations set forth in the Truth in Lending Act. Liquidation filed no sworn statements showing the defense was not valid. The failure to rebut a properly raised affirmative defense precludes the entry of summary judgment in favor of Liquidation. Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010).
The Vidals raised two “fraud” claims as affirmative defenses, both of which were legally insufficient as a matter of law.
Boiled to its essence, the first fraud claim says that the lender falsely inflated the Vidals’ income in the loan application that they signed to get the loan; had the lender taken steps to verify their income then the exaggerated income would have been revealed. Of course, the Vidals want damages caused by the lender’s treachery. The Vidals were obviously in a position to know their own income. Signing off on their own fraudulent loan application precludes them from raising this fraud as an affirmative defense. “The recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him.” M/I Schottenstein Homes, Inc. v. Azam, 813 So.2d 91, 93 (Fla.2002) (quoting Besett v. Basnett, 389 So.2d 995, 997 (Fla.1980) (quoting Restatement (Second) of Torts (1977) § 541)).
The second claim of “fraud” is that the lender orally misrepresented the loan to be a fixed rate loan. However, the note and other documents the Vidals signed at the closing plainly indicate that the note had an adjustable rate. “A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract.” Hillcrest Pac. Corp. v. Yamamura, 727 So.2d 1053, 1056 (Fla. 4th DCA 1999).
We reverse the entry of summary judgment and remand for further proceedings.

Reversed and remanded for further proceedings.

POLEN, GROSS and CONNER, JJ., concur.

. Allowing assignments to be retroactively effective would be inimical to the requirements al pre-suit ownership for standing in foreclosure cases.