DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**HENRI C. LAFRANCE**
and **MARIE LAFRANCE,**
Appellants,

v.

**US BANK NATIONAL ASSOCIATION,** as trustee for CSFB Home Equity
Pass-Through Certificates Series 2006-08,
Appellee.

No. 4D13-102

[July 9, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge, Judge; L.T. Case No. 50-2009-CA012110AW.

S. Tracy Long of the Law Offices of S. Tracy Long, P.A., Boca Raton, for appellants.

Jessica Zagier Wallace of Carlton Fields, P.A., Miami, and Michael K. Winston, Dean A. Morande of Carlton Fields, P.A., West Palm Beach, for appellee.

PER CURIAM.

Appellants appeal a final summary judgment of mortgage foreclosure in favor of appellee. Because appellee failed to rebut appellants' affirmative defense of lack of standing, we reverse.

Henri C. LaFrance and Marie LaFrance ("appellants") executed a promissory note and mortgage on the subject property with lender Accredited Home Lenders, Inc. ("AHL") in 2006. In 2009, US Bank National Association, as Trustee for CSFB Home Equity Pass-Through Certificates Series 2006-8 ("US Bank"), filed a mortgage foreclosure complaint against appellants as "the holder" of the note and mortgage. A copy of the unendorsed note was attached to the complaint. Appellants filed an answer with affirmative defenses, including that US Bank lacked standing.

US Bank moved for summary judgment. In support thereof, it filed affidavits of representatives and records from two loan servicing providers. Over three-and-a-half years after filing its complaint, US Bank also filed the original note with an allonge bearing an *undated* endorsement in blank signed by an "Assistant Secretary" of AHL, the original lender. The trial court granted final summary judgment in favor of US Bank.

"The standard of review of an order granting summary judgment is de novo." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 172 (Fla. 4th DCA 2012). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c).

Appellants assert that the trial court erred in entering summary judgment because there was a genuine issue of material fact as to whether US Bank had standing to file their complaint. US Bank responds that the "authenticated" business records of the servicing providers demonstrate that it had standing.

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean*, 79 So. 3d at 173. "Whether a party is the proper party with standing to bring an action is a question of law to be reviewed de novo." *Elston/Leetsdale, LLC v. CWCapital Asset Mgmt. LLC*, 87 So. 3d 14, 16 (Fla. 4th DCA 2012) (citation omitted). Standing to foreclose is determined at the time the lawsuit is filed and can be demonstrated by the filing of an assignment or the original note with a special endorsement in favor of the plaintiff or a blank endorsement. *McLean*, 79 So. 3d at 173. A "plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed" and cannot be established "retroactively by acquiring standing to file a lawsuit after the fact." *Id.* (citation omitted).

Here, over three-and-a-half years after filing its complaint with a photocopy of the unendorsed note, US Bank filed the original note containing an *undated* endorsement in blank. The undated endorsement fails to prove that US Bank was the owner or holder of the note *at the time of filing the complaint*. Further, none of the affidavits filed in support of summary judgment specifically assert that US Bank obtained possession of the endorsed note prior to the date of the filing the complaint. Finally, the loan servicing records provided by the affiants, without any explanation of their significance, likewise failed to affirmatively prove that

US Bank was the owner and holder of the note prior to the filing of the complaint.

Because the affidavits and records filed in support of summary judgment do not support a finding that US Bank was the holder of the note with a proper endorsement in blank *at the time the complaint was filed*, a genuine issue of material fact exists as to whether US Bank had standing at the time of suit.  On the record presented, it is possible that US Bank did not obtain standing to foreclose until after it initiated the lawsuit.  Thus, the trial court erred in entering the final summary judgment of foreclosure in favor of US Bank.  *McLean*, 79 So. 3d at 173; *see also Zimmerman v. JPMorgan Chase Bank, Nat'l Assoc.*, 134 So. 3d 501, 502 (Fla. 4th DCA 2014); *Gonzalez v. Deutsche Bank Nat'l Trust Co.*, 95 So. 3d 251, 254 (Fla. 2d DCA 2012).  We therefore reverse the final judgment and remand for further proceedings.

*Reversed and remanded.*

LEVINE, CONNER and KLINGENSMITH, JJ., concur.

*       *       *
***Not final until disposition of timely filed motion for rehearing.***