DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL G. MATTHEWS** and **MARYELLEN L. MATTHEWS,**
Appellants,

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
Appellee.

No. 4D13-4645

[March 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard Harrison, Senior Judge; L.T. Case No. 502010CA003425XXXXMB.

Paul G. Matthews and Maryellen L. Matthews, Tequesta, pro se.

K. Denise Haire and Joseph F. Poklemba of Blank Rome, LLP, Boca Raton, for appellee.

CIKLIN, J.

The appellants challenge a final judgment of foreclosure entered after a non-jury trial, and argue that the plaintiff below, Federal National Mortgage Association ("Fannie Mae"), failed to establish standing at inception of the suit. We agree and reverse.

In February 2010, Fannie Mae brought a mortgage foreclosure suit against the appellants, alleging that it was the "present designated holder of the note and mortgage with authority to pursue the present action." The copy of the note attached to the complaint identified Bank of America, N.A. ("Bank of America"), as the lender. The note was not endorsed.[1]

---

[1] Section 673.2051, Florida Statutes (2010), defines endorsement in part as follows:
    (1) If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument

During trial, Fannie Mae introduced the original note into evidence. This note contained an undated blank endorsement by Bank of America. Fannie Mae also introduced into evidence a notarized assignment of mortgage and note by Bank of America to Fannie Mae. The assignment was executed on March 18, 2010, but provided for an effective ("back") date of January 27, 2010. At trial, an employee of Bank of America testified that he did not know how Fannie Mae obtained ownership of the underlying note.

Ultimately, the trial court ruled in favor of Fannie Mae and entered a final judgment of foreclosure based on this evidence.

On appeal, the appellants argue that Fannie Mae failed to establish standing at the inception of the suit. In response, Fannie Mae relies on its submission of the original note, the assignment, and the testimony of its witness as evidence of standing.

"A *de novo* standard of review applies when reviewing whether a party has standing to bring an action." *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014) (citation omitted). *See also Lacombe v. Deutsche Bank Nat'l Trust Co.*, 149 So. 3d 152, 153 (Fla. 1st DCA 2014) ("We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*." (citing *Dixon v. Express Equity*

---

payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. . . .

(2) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

We use the spelling "endorsement," but we recognize that "indorsement" is a proper variation. Although Black's Law Dictionary lists "endorsement" as a variation of "indorsement," The Merriam-Webster Dictionary takes a contrary position. *Compare Black's Law Dictionary* 789 (8th ed. 2004) *with Endorsement Definition*, Merriam-Webster.com, http:// www.merriam-webster.com/dictionary/endorsement (last visited February 18, 2015). We are not the first court to engage in an aside in order to address the variations on the spelling, and we note that the reasons that have been given by courts for their preferred spelling are even more varied than the spellings. *See In re Junk*, 512 B.R. 584, 588 n.3 (Bankr. S.D. Ohio 2014); *King v. Bank of N.Y. Mellon Corp., NB*, 957 F. Supp. 2d 680, 685 n.13 (E.D. Va. 2013); *Colonial Pac. Corp. v. Conn. Nat'l Bank*, 952 F.2d 406, *1 n.1 (9th Cir. 1992).

*Lending Grp., LLLP*, 125 So. 3d 965 (Fla. 4th DCA 2013))).

This court has elaborated on the issue of standing to bring a foreclosure suit:

> A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.
>
> Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint. For example, standing may be established from a plaintiff's status as the note holder, regardless of any recorded assignments.
>
> If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement. Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note.
>
> Even in the absence of a valid written assignment, the "mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered."

*McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (internal citations omitted).[2]

"An assignment of a promissory note or mortgage, or the right to enforce such, must pre-date the filing of a foreclosure action. A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing." *Venture Holdings & Acquisitions Grp., LLC v. A.I.M. Funding Grp.*, LLC, 75 So. 3d 773, 776 (Fla. 4th DCA 2011) (internal citation omitted).

Here, the note attached to the complaint did not establish standing. It was not made payable to Fannie Mae and contained no endorsements.

---

[2] *McLean* arose from a final summary judgment. Therefore, not all the methods of proof of standing suggested in *McLean*, such as the use of affidavits, may be admissible at a full trial without stipulations or testimony from witnesses with knowledge.

Additionally, the note introduced at trial, while establishing Fannie Mae's standing at that moment in time, did not establish standing when the suit was commenced. The blank endorsement was undated. *See McLean*, 79 So. 3d at 174.

Nor does the backdated assignment, standing alone, establish standing. *See Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1277 n.1 (Fla. 4th DCA 2013) ("Allowing assignments to be retroactively effective would be inimical to the requirements of pre-suit ownership for standing in foreclosure cases.").[3] Fannie Mae argues that other exhibits, namely a limited power of attorney in favor of BAC Home Loans Servicing LP, and a loan history showing the dates payments were made to Bank of America, established standing. We find that on this record, these exhibits do not establish standing.

Because Fannie Mae failed to establish standing, we reverse the final judgment of foreclosure. We decline to address the other issue raised by the appellants.

*Reversed.*

WARNER and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We recognize that "[e]ven if the assignment . . . does not occur until after the plaintiff files the complaint," standing may be established by evidence of an equitable transfer prior to the filing date. *GMAC Mortg., LLC v. Choengkroy*, 98 So. 3d 781, 782 (Fla. 4th DCA 2012). We simply find that this type of evidence was not presented to the trial court.