DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUZANNE PEOPLES** a/k/a **SUZANNE M. PEOPLES,**
Appellant,

v.

**SAMI II TRUST 2006-AR6, BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE,**
Appellee.

No. 4D14-2757

[October 14, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 07-022704(11).

Geoffrey E. Sherman, Jacquelyn Trask, Roy D. Oppenheim, and Yanina Zilberman of Oppenheim & Pilelsky, Weston and Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, for appellant.

No appearance filed on behalf of appellee.

MAY, J.

The first lesson in "Foreclosures 101":  a lender must prove it had standing before the complaint is filed to foreclose on a mortgage.  The borrower appeals a final judgment of foreclosure after a non-jury trial.  She argues, among other issues, that the bank failed the first lesson—it failed to prove standing.  We agree and reverse.

The borrower executed a note and mortgage in favor of America's Wholesale Lender ("AWL").  When the borrower defaulted, SAMI II Trust ("Trust") filed a complaint to foreclose on the mortgage in September 2007. Attached to the complaint was a copy of the note and mortgage.  The copy of the note did not contain an endorsement; the lender was listed as AWL.

In January 2008, the Trust filed another copy of the note, which contained an undated blank endorsement from Countrywide Home Loans, Inc., a New York Corporation Doing Business as AWL.  In April 2008, the Trust filed an amended complaint and attached a copy of the unendorsed

note.  The amended complaint, like the original, alleged that the Trust was the owner and holder of the note and mortgage.

The borrower filed an answer and asserted seven affirmative defenses, including that the Trust was not the owner and holder of the note and lacked standing.  In August 2009, the Trust filed the original note, with an undated blank endorsement, and the original mortgage.[1]

After the Trust presented its case, the borrower moved for involuntary dismissal based on lack of standing and other reasons.  The trial court denied the motion, and later entered a final judgment of foreclosure.  The trial court denied the borrower's motion for new trial.  From this order and the final judgment, the borrower now appeals.

The borrower maintains the Trust did not prove standing because the copy of the note attached to the complaint was unendorsed and the original note relied upon by the Trust at trial contained an undated blank endorsement.  Thus, the Trust failed to prove it had standing when the complaint was filed.  The Trust did not respond.

We have de novo review.  *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013).

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" when the complaint is filed.  *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012).  "[S]tanding may be established from the plaintiff's status as the note holder, regardless of any assignments."  *Id.* (citation omitted).  "If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement."  *Id.*

"A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had standing as of the time the foreclosure complaint was filed."  *Kiefert v.*

---

[1] The record contains an assignment of the mortgage and note from "Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for America's Wholesale Lender" to the Trust, dated May 23, 2008, subsequent to the filing of the complaint.  Although it has a relation back date of August 9, 2007, the signature date is the effective date.  *Matthews v. Fed. Nat'l Mortg. Ass'n*, 160 So. 3d 131, 133 (Fla. 4th DCA 2015) ("[T]he backdated assignment, standing alone, [does not] establish standing.").  The assignment was not admitted into evidence.

2

*Nationstar Mortg., LLC,* 153 So. 3d 351, 352–54 (Fla. 1st DCA 2014) (holding the plaintiff failed to prove standing where it attached an unendorsed copy of the note payable to a different party to the original complaint, then later introduced the original note with an undated blank endorsement, and witness testimony did not establish the endorsement date).

Here, the Trust alleged standing as owner and holder of the note and mortgage in both the original and amended complaint. Because it was not the original named payee, it had to prove possession of the original note endorsed in its favor or in blank before the filing of the original complaint. When the Trust filed the original complaint, it attached a copy of an unendorsed note payable to AWL. Although it later filed an original note and a copy of the original note, both of which had a blank endorsement, neither was dated. And, the Trust's witness did not know when the endorsement was placed on the note.

"A plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed and cannot be established retroactively by acquiring standing to file a lawsuit after the fact." *LaFrance v. U.S. Bank Nat'l Ass'n,* 141 So. 3d 754, 756 (Fla. 4th DCA 2014) (citation omitted) (internal quotation marks omitted).

From the sequence of these events, it is clear that the Trust did not have standing when it filed the complaint in September 2007. *Wright v. Deutsche Bank Nat'l Trust Co.,* 152 So. 3d 1289 (Fla. 4th DCA 2015). The trial court erred in entering a final judgment of foreclosure in favor of the Trust.

*Reversed and remanded for entry of judgment for the borrower.*

CIKLIN, C.J., and FORST, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3