# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROSANNA GUZMAN** and **FRANCISCO GUZMAN,**
Appellants,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as Trustee for
INDYMAC INDX MORTGAGE LOAN TRUST 2004-AR8 Mortgage Pass-
Through Certificates Series 2004-AR8, et al.,
Appellees.

No. 4D14-2509

[November 25, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark E. Polen, Senior Judge; L.T. Case No. CACE-10044959 (11).

Samuel D. Lopez of Samuel D. Lopez, P.A., Pembroke Pines, for appellants.

Russell R. O'Brien and Manuel S. Hiraldo of Blank Rome LLP, Fort Lauderdale, for appellee Deutsche Bank National Trust Company.

KLINGENSMITH, J.

Rosanna and Francisco Guzman ("appellants") appeal a final judgment of foreclosure in favor of Deutsche Bank National Trust Company ("appellee"), and challenge appellee's standing to bring suit. They argue the trial court erred by ruling that appellee had standing to foreclose because appellee did not provide evidence that it was in possession of an allonge and a blank-endorsed note at the time it filed the initial complaint. Because appellee failed to prove that it possessed the right to foreclose when the initial complaint was filed, we reverse. We see no need to address the other issues raised.

Appellants originally executed a mortgage agreement and promissory note with Grimaldi Capital Funding ("Grimaldi"). After appellants defaulted on their payments, appellee filed its initial complaint for foreclosure attaching both the note and the mortgage on the property. However, the attached note did not contain any endorsements, nor did

the documents reflect that there had been an assignment of the mortgage from Grimaldi to appellee. Even though Count I of the complaint for foreclosure alleged that appellee was the holder and owner of both the note and mortgage, appellee brought a declaratory judgment action in Count II against Grimaldi, admitting that it had doubts as to its rights in the mortgage because Grimaldi had not executed an assignment of the mortgage to appellee. Upon agreement of the parties, the trial court dismissed the complaint with leave for appellee to file an amended pleading.

Appellee then filed an amended complaint alleging only one count of foreclosure against appellants and abandoning the count for declaratory relief. This time, appellee claimed that Grimaldi had executed an allonge bearing a special endorsement in favor of IndyMac Bank, F.S.B. ("IndyMac"),[1] which then later endorsed the note in blank. The note bearing the blank endorsement from IndyMac, the allonge, and the mortgage were all attached to the amended complaint. Neither the special endorsement on the allonge nor the blank endorsement on the note was dated.[2]

During the non-jury trial, a loan analyst for appellee's servicer, Ocwen Loan Servicing ("Ocwen"), testified for appellee. Ocwen held all of the records regarding appellant's loan, which it had acquired from the prior servicer, IndyMac. The analyst could not provide dates for when the allonge containing the special endorsement from Grimaldi to IndyMac was created, or for when IndyMac placed the blank endorsement on the back page of the note. Moreover, when the trial judge asked appellee's counsel how the court could be certain that the allonge and the blank endorsement were not created between the time the initial complaint was filed and the time the amended complaint was filed, counsel responded that he could not prove that both the allonge and the blank endorsement predated the filing of the initial complaint, or that appellee possessed the note and mortgage prior to filing the initial complaint.

---

[1] IndyMac became involved with the property as the servicer for the loan, and was the entity that sent the default letter to appellants after they stopped making their mortgage payments.

[2] The blank endorsement from IndyMac appears to be on a separate, otherwise blank page. However, testimony elicited during the trial revealed that this page was really the back-side of the fourth page of the note. No explanation was ever offered for why the endorsements were not both placed on the allonge, or, in the alternative, both placed on the back of the fourth page.

Counsel for appellee argued that these documents were in appellee's possession at the time the amended complaint was filed, and because the allonge and note were attached to the amended complaint, they related-back to the date of the initial complaint's filing, thus establishing appellee's standing to foreclose. The trial court accepted appellee's relation-back argument, ruled that appellee had standing to bring suit, and rendered final judgment of foreclosure in favor of appellee. This was error.

In a foreclosure action, a "'plaintiff must prove that it had standing to foreclose when the complaint was filed.'" *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013) (quoting *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). A party must prove it has "standing to bring a mortgage foreclosure complaint by establishing an assignment or equitable transfer of the note and mortgage prior to instituting the complaint." *Joseph v. BAC Home Loans Servicing, LP*, 155 So. 3d 444, 446 (Fla. 4th DCA 2015) (citing *McLean*, 79 So. 3d at 173).

For a plaintiff to qualify as a holder of a promissory note, the note must either list the plaintiff as the payee, or it "must bear a special endorsement in favor of the plaintiff or a blank endorsement." *McLean*, 79 So. 3d at 173. Where a promissory note filed after the initial complaint does not include the date upon which the endorsement was made, the plaintiff must provide "record evidence proving that it had the right to enforce the note on the date the complaint was filed." *See id.* This evidence may be supplied by witness testimony at trial. *Lamb v. Nationstar Mortg., LLC*, No. 4D13-3125, 2015 WL 4930268, at *1 (Fla. 4th DCA Aug. 19, 2015) ("'A witness who testifies at trial as to the date a bank became the owner of the note can serve the same purpose as an affidavit of ownership.'" (quoting *Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014))).

"[P]ossession of the original note, indorsed in blank, [is] sufficient under Florida's Uniform Commercial Code to establish that [a party is] the lawful holder of the note, entitled to enforce its terms." *Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010). Therefore, to enforce a note endorsed in blank, a foreclosing party must show that they had possession of the note at the inception of the lawsuit.

Alternatively, foreclosing parties may present an allonge to establish standing. "'An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself. Such must be so firmly

affixed thereto as to become a part thereof.'" *Seffar v. Residential Credit Solutions, Inc.*, 160 So. 3d 122, 125 (Fla. 4th DCA 2015) (quoting *Booker v. Sarasota, Inc.*, 707 So. 2d 886, 887 n.1 (Fla. 1st DCA 1998)). "If the note or allonge reflects on its face that the endorsement occurred before the filing of the complaint, this is sufficient to establish standing." *McLean*, 79 So. 3d at 174.

Appellee argues that the note attached to the initial complaint actually had the endorsement on the back of it, proving that it had standing at the time it filed the initial complaint. Here, it is undisputed that there were no endorsements on the note attached to appellee's initial complaint, and no affixed allonges. When appellee filed its amended complaint, it attached for the first time a copy of the note bearing an undated blank endorsement from IndyMac, and an allonge bearing an undated special endorsement from Grimaldi to IndyMac.

No evidence was presented at trial, either documentary or testimonial, that the blank endorsement from IndyMac was present on the back of the note attached to the initial complaint. Moreover, the analyst never testified as to when the endorsements were placed on the allonge or the original note, and therefore did not provide any evidence that the endorsements predated the filing of the initial complaint or that appellee possessed the endorsed documents before it was filed. When specifically asked if appellee acquired the blank note prior to the filing of the initial complaint, the analyst responded:

> There is no evidence to indicate to the contrary. I mean it has always been part of the trust. This one has always been part of the trust. . . .
>
>     . . . .
>
>     . . . I believe our [business] records speak for themselves. . . . I don't have specific documents that would say that, you know, when all of this stuff happened. I don't have that with me today.

Because neither the note attached to the initial complaint in the appellate record nor the other documents in evidence prove that the blank endorsement from IndyMac was on the back of the fourth page of the note when the initial complaint was filed, this court cannot independently draw the conclusion that it was, in fact, there. We have held repeatedly that a party cannot establish standing after it has filed its initial complaint. *See, e.g., LaFrance v. U.S. Bank Nat'l Ass'n*, 141 So.

3d 754, 756 (Fla. 4th DCA 2014) ("A 'plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed' and cannot be established 'retroactively by acquiring standing to file a lawsuit after the fact.'" (quoting *McLean*, 79 So. 3d at 173)).

Allowing documents attached to an amended complaint which purport to prove standing to be given retroactive effect back to the date of original filing, as appellee urges us to do here, would be inimical to the requirements of pre-suit ownership for standing in foreclosure cases. *See Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1286 (Fla. 2d DCA 2005) (stating that the "relation back" rule found in Florida Rule of Civil Procedure 1.190(c) "does not permit a party to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact").

We have confirmed the well-settled principle that standing is acquired at the inception of the lawsuit in several opinions. As we stated in one recent case under somewhat analogous facts:

> Here, the Trust alleged standing as owner and holder of the note and mortgage in both the original and amended complaint. *Because it was not the original named payee, it had to prove possession of the original note endorsed in its favor or in blank before the filing of the original complaint. When the Trust filed the original complaint, it attached a copy of an unendorsed note payable to AWL. Although it later filed an original note and a copy of the original note, both of which had a blank endorsement, neither was dated. And, the Trust's witness did not know when the endorsement was placed on the note.*
>
> . . . .
>
> From the sequence of these events, it is clear that the Trust did not have standing when it filed the complaint in September 2007. *Wright v. Deutsche Bank Nat'l Trust Co.*, 152 So. 3d 1289 (Fla. 4th DCA 2015). The trial court erred in entering a final judgment of foreclosure in favor of the Trust.

*Peoples v. Sami II Trust 2006-AR6*, No. 4D14-2757, 2015 WL 5948218, at *2 (Fla. 4th DCA Oct. 14, 2015) (emphasis added).

5

Since there is no evidence to support appellee's contention that the endorsements in question were on the allonge and the note prior to the inception of the lawsuit, or that appellee was in possession of these endorsed documents when the initial complaint was filed, appellee has failed to demonstrate that it had standing to bring this foreclosure suit.

*Reversed.*

DAMOORGIAN and LEVINE, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***

6