DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALICIA VOGEL** and **HOWARD VOGEL,**
Appellants,

v.

**WELLS FARGO BANK, N.A.,** et al.,
Appellees.

No. 4D15-132

[June 8, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 2012CA 010116(AW).

Brian Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellants.

Sara F. Holladay-Tobias, Emily Y. Rottmann and Gabriel M. Hartsell of McGuireWoods LLP, Jacksonville, for appellee Wells Fargo Bank.

KLINGENSMITH, J.

Alicia and Howard Vogel ("appellants") appeal the trial court's final judgment of foreclosure in favor of Wells Fargo Bank, N.A ("appellee"). They claim that the trial court erred by ruling that appellee had standing to foreclose when the complaint was filed. Our review of the record shows that there was insufficient evidence to establish that appellee owned or possessed the note when this action was commenced. Accordingly, the trial court's judgment of foreclosure must be reversed.

Alicia Vogel executed a promissory note in 2004 with lender World Savings Bank, FSB. That same day both appellants executed a mortgage agreement with World Savings which encumbered their property. In 2006, World Savings' parent company merged with Wachovia Corporation, and the successor company later became known as Wachovia Mortgage, FSB in 2007. In 2009, Wachovia Mortgage changed its name to Wells Fargo Bank Southwest, National Association, and on the same day, merged with and into appellee to become one corporate entity. As a result of these dealings, appellee acquired ownership of the

assets and liabilities of World Savings by operation of law, including their mortgages and notes.

Alicia Vogel eventually defaulted on her payment obligations under the note, leading appellee to file its initial complaint alleging one count of foreclosure. Appellee asserted that while Federal National Mortgage Association ("Fannie Mae") owned the note and mortgage, it had authorized appellee to pursue the foreclosure action as the servicer of the mortgage and the holder of the note.

Along with documents evidencing the various bank mergers, appellee also attached to the initial complaint a copy of the mortgage and a copy of the note, which did not contain any endorsements. When the case proceeded to trial, appellee introduced evidence purporting to show that the original loan documents were sent to its attorney before the complaint was filed in order to pursue the foreclosure action. The parties also stipulated to entering the original note and mortgage into evidence.

During cross examination of appellee's vice president of loan documentation, it became apparent that there were two endorsements on the back of the last page of the original note that had previously been admitted into evidence: a special endorsement from World Savings to Fannie Mae, and a blank endorsement. Neither endorsement was dated, and the special endorsement to Fannie Mae had been cancelled. The witness could not testify as to when either endorsement was placed on the original note, or when the special endorsement was cancelled. However, he did state that appellee (as a result of the mergers) had been the only entity to service the loan and possess the loan documents.

Appellants moved for involuntary dismissal, claiming that appellee failed to prove its standing to foreclose via the mergers because there was no evidence of when the blank endorsement was placed on the back of the note. Appellee argued that it proved the note was in its possession prior to the filing of the initial complaint because: 1) it provided evidence that the original note had been sent to its attorney before the complaint was filed; 2) it had essentially been the only party to ever hold the note, since the original lender had eventually merged with it; and 3) because it was in possession of the original note bearing the blank endorsement. Appellants' motion was denied, and the trial court eventually rendered final judgment of foreclosure in favor of appellee.

The appropriate standard of review for whether a party has standing to bring an action is de novo. *Boyd v. Wells Fargo Bank, N.A.,* 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). "When a mortgage foreclosure case

2

proceeds to a bench trial, the plaintiff bank need only present competent, substantial evidence that it has standing to foreclose." *Fiorito v. JP Morgan Chase Bank, Nat'l Ass'n*, 174 So. 3d 519, 521 (Fla. 4th DCA 2015).

We have recently stated that:

> In a foreclosure action, a "'plaintiff must prove that it had standing to foreclose when the complaint was filed.'" *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013) (quoting *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). A party must prove it has "standing to bring a mortgage foreclosure complaint by establishing an assignment or equitable transfer of the note and mortgage prior to instituting the complaint." *Joseph v. BAC Home Loans Servicing, LP*, 155 So. 3d 444, 446 (Fla. 4th DCA 2015) (citing *McLean*, 79 So. 3d at 173).

> For a plaintiff to qualify as a holder of a promissory note, the note must either list the plaintiff as the payee, or it "must bear a special endorsement in favor of the plaintiff or a blank endorsement." *McLean,* 79 So. 3d at 173. Where a promissory note filed after the initial complaint does not include the date upon which the endorsement was made, the plaintiff must provide "record evidence proving that it had the right to enforce the note on the date the complaint was filed." *See id.* This evidence may be supplied by witness testimony at trial. *Lamb v. Nationstar Mortg., LLC,* 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015) ("'A witness who testifies at trial as to the date a bank became the owner of the note can serve the same purpose as an affidavit of ownership.'" (quoting *Sosa v. U.S. Bank Nat'l Ass'n,* 153 So. 3d 950, 951 (Fla. 4th DCA 2014))).

> "[P]ossession of the original note, indorsed in blank, [is] sufficient under Florida's Uniform Commercial Code to establish that [a party is] the lawful holder of the note, entitled to enforce its terms." *Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010). Therefore, to enforce a note endorsed in blank, a foreclosing party must show that they had possession of the note at the inception of the lawsuit.

3

*Guzman v. Deutsche Bank Nat'l Trust Co.*, 179 So. 3d 543, 545-46 (Fla. 4th DCA 2015).

Additionally, we have held that in order to prove standing to foreclose based upon a merger, the surviving entity must prove that it "acquired all of [the absorbed entity's] assets, including [the] note and mortgage, by virtue of the merger." *Fiorito*, 174 So. 3d at 521.

Here, the record reflects that the original note bore two undated endorsements:  a special endorsement to Fannie Mae which was later cancelled, and a blank endorsement.  However, appellee's witness testified that he did not know when either endorsement was placed on the note, or when the special endorsement to Fannie Mae was cancelled. Although the witness did state that appellee sent the original loan documents to its attorney prior to the filing of the initial complaint, no explanation was offered as to why the copy of the note attached to the complaint, ostensibly made from the original note as forwarded to the attorney for the purpose of commencing suit, did not reflect the endorsements.

In short, the fact that the note attached to the initial complaint did not contain any endorsements defeats appellee's assertion that it had possession of the original note with the requisite endorsements at the inception merely because the note was sent to its attorney prior to filing — on the contrary, it suggests that the note sent to the attorney was devoid of any endorsements authorizing appellee to enforce the instrument.  Although appellee undeniably possessed the note bearing the blank endorsement at the time of trial, it presented insufficient evidence that it had possession of the original note containing the blank endorsement at the time it filed the foreclosure complaint.

Appellee also failed to prove standing to foreclose in light of the mergers because there was insufficient evidence that the note was actually an asset of one of the absorbed entities at the time the various mergers took place.  While appellee's witness testified that he was not aware of any loans that were not included as assets in the mergers, he also conceded that the merger documents admitted into evidence did not specifically mention appellants' loan as an asset of one of the absorbed entities.  Moreover, because the note was specially endorsed to Fannie Mae by World Savings at some unknown time, and the special endorsement was later cancelled at some unknown time, the possibility remains that the note was actually an asset of Fannie Mae's at the time one of the mergers occurred, and that it did not ultimately pass to appellee via merger.  Appellee did not present any evidence to rebut this

4

possibility.  As such, it failed to present competent, substantial evidence of standing to foreclose based upon the mergers.  *Id.*

For these reasons, we reverse and remand this case for entry of an order of involuntary dismissal.  *Lamb*, 174 So. 3d at 1041.

*Reversed and Remanded.*

CIKLIN, C.J., and WARNER, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***