DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREW TREMBLAY, HEIDI TREMBLAY**
and **MARY TREMBLAY,**
Appellants,

v.

**U.S. BANK, N.A.**, as Trustee, Successor-in-Interest to
Wachovia Bank, N.A., as Trustee, for MLMI 2005-A9,
Appellee.

No. 4D13-2402

[May 6, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Miette K. Burnstein, Judge; L.T. Case No. 09-40986 CA.

Brian Korte of Korte & Wortman, P.A., West Palm Beach, for appellants.

Kimberly N. Hopkins and Ronald M. Gaché of Shapiro, Fishman & Gaché, LLP, Tampa, for appellee.

PER CURIAM.

Andrew, Heidi and Mary Tremblay ("Homeowners") appeal a final judgment of foreclosure. We find merit in Homeowners' argument that appellee, U.S. Bank, N.A. ("Bank"), lacked standing to foreclose when it filed its foreclosure complaint. Therefore, we reverse the final judgment and remand for entry of an order of involuntary dismissal. Our conclusion on Bank's lack of standing renders moot Homeowners' second issue on appeal.

*Facts*

In Bank's unverified foreclosure complaint filed in July, 2009, it alleged it was the current owner and holder of the note and mortgage. In support, it attached copies of the mortgage and the note. The mortgage listed Metrocities Mortgage as the lender and MERS as the mortgagee. The note included a blank indorsement executed by an employee of Metrocities Mortgage. Bank later filed an assignment of note; however, it was executed on July 30, 2009, after Bank filed its foreclosure complaint.

At the non-jury trial, Bank called only one witness. This witness worked for Bank's servicer, PHH Mortgage Corporation ("PHH"), and testified that PHH—not Bank—was the holder of the note, and had been since August of 2005. The witness was unable to identify the exact date that Bank received the note. While there was apparently a Pooling and Servicing Agreement ("PSA") to which both PHH and Bank were parties, the witness had never seen a copy of the PSA. Bank introduced into evidence the original note, a copy of the mortgage, the default letter and payment history, but did not submit the PSA into evidence. The trial court entered final judgment in favor of Bank.

*Analysis*

"We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo.*" *Lacombe v. Deutsche Bank Nat'l Trust Co.*, 149 So. 3d 152, 153 (Fla. 1st DCA 2014) (citing *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965 (Fla. 4th DCA 2013)).

It is axiomatic that a plaintiff in a foreclosure case must have standing at the time the complaint is filed. *See Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013) ("[S]tanding must be established as of the time of filing the foreclosure complaint."). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." *Id.* at 310 (citing *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)).

In the instant case, Bank failed to provide sufficient evidence that it had standing at the time it filed its foreclosure complaint. First, the assignment did not confer standing upon Bank since it was executed after Bank filed its complaint. *See Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1195–96 (Fla. 4th DCA 2012) (reversing entry of final summary judgment because the bank failed to establish it had standing to foreclose when the evidence showed the assignment was dated one day after the complaint was filed). Further, Bank's attachment of a copy of the note with a blank indorsement was insufficient to establish standing because Bank's only witness testified that his employer—the servicer—had been the holder of the note since August of 2005. Based on this testimony, the servicer was the proper party to initiate the action, not Bank. *See BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques*, 28 So. 3d 936, 938 (Fla. 2d DCA 2010) ("The proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder's representative."); *see Sosa v. U.S. Bank, N.A.*, 153 So. 3d 950 (Fla. 4th DCA

2014).

Since Bank failed to provide sufficient evidence of its ability to foreclose at the time it filed its complaint, we reverse and remand for entry of an order of involuntary dismissal. *See Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 283 (Fla. 2d DCA 2014) ("'[A]ppellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof.'" (quoting *Correa v. U.S. Bank N.A.*, 118 So. 3d 952, 956 (Fla. 2d DCA 2013))).

*Reversed and remanded.*

GROSS, MAY and KLINGENSMITH, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**