NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AS LILY LLC,                                      )
                                                 )
        Appellant,                             )
                                                 )
v.                                               )   Case No.  2D14-863
                                                 )
HAROLD L. MORGAN and PHYLLIS                      )
MORGAN; WACHOVIA BANK;                            )
NATIONAL ASSOCIATION; BAYWAY                      )
ISLES HOMEOWNERS CLUB, INC.;                      )
MICHAEL W. WELLS and KATHERINE                    )
A. WELLS; CAPITAL ONE BANK (USA);                )
NATIONAL ASSOCIATION f/k/a                        )
CAPITAL ONE BANK; NORTHSTAR                       )
BANK,                                            )
        Appellees.                             )
_____)

Opinion filed May 8, 2015.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Stanford R. Solomon and J. Andrew Baldwin
of The Solomon Law Group, P.A., Tampa,
for Appellant.

Russell L. Cheatham, III, of Russell L.
Cheatham, III, P.A., St. Petersburg, for
Appellees Harold Morgan and Phyllis
Morgan.

No appearance by remaining
Appellees.


CRENSHAW, Judge.

In this foreclosure case, the circuit court entered a final judgment of dismissal in favor of the homeowners, Harold and Phyllis Morgan. But because the bank, AS Lily LLC, was a proper party and had standing, we reverse.

As relevant here, the Morgans executed an adjustable rate note and mortgage in favor of Option One Mortgage in 2006. Attached to the note was an allonge with a blank endorsement. After the Morgans' subsequent default, the note was assigned to Liquidation Properties, Inc. (LPI). LPI initiated this foreclosure proceeding in 2008 and filed a copy of the mortgage and included a lost note count. Then, in 2012, the circuit court granted AS Lily's motion to amend the complaint[1] and AS Lily filed the Verified First Amended Complaint at issue here. With its complaint, it attached the adjustable rate note, the mortgage, and the allonge with the blank endorsement. After a bench trial, the court granted a final judgment in favor of the Morgans, and AS Lily timely appealed.

The court granted judgment in favor of the Morgans largely based on its conclusion that AS Lily was not a proper party and that it lacked standing.

> A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note. . . . [S]tanding must be established as of the time of filing the foreclosure complaint.

Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (citing McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)).

---

[1]The motion is not in our record, but the order on the motion is.

AS Lily was not the original lender in this case. But by the time the verified first amended complaint to foreclose the mortgage was filed, AS Lily was the holder of the note and mortgage. AS Lily established standing by "submitting a note with a blank . . . endorsement." See id. Regardless of the note's prior history, the operative complaint was in AS Lily's name and AS Lily held the note with the blank endorsement. That is sufficient for standing. See Wells Fargo Bank, N.A. v. Morcom, 125 So. 3d 320, 322 (Fla. 5th DCA 2013) (citing Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007)), review denied, 139 So. 3d 299 (Fla. 2014)). Accordingly, we reverse the judgment.

Though ultimately ruling against AS Lily on standing, the court allowed AS Lily to try to establish the default. The court sustained an objection to testimony from AS Lily's witness, a representative of Gregory Lending, that the servicer's testimony was hearsay that was not admissible as a business record. See §§ 90.802, .803(6), Fla. Stat. (2011).[2] In reaching its decision the court erred in following Glarum v. LaSalle Bank National Ass'n, 83 So. 3d 780, 782 (Fla. 4th DCA 2011). While we take no issue with Glarum, the facts of this case better track those in WAMCO XXVIII, Ltd. v. Integrated Electronic Environments, Inc., 903 So. 2d 230, 233 (Fla. 2d DCA 2005). In this case, the witness was testifying to information she personally knew and relayed what she herself did in establishing the values in this case. In Glarum, the witness could only provide inadmissible hearsay because he was testifying to material he

_____

[2]We note that as far as authentication is concerned, the note and allonge here are self-authenticating, and the servicer's representative's inability to authenticate them is immaterial in this case. See § 90.902(8); Bryson v. Branch Banking & Trust Co., 75 So. 3d 783, 786 (Fla. 2d DCA 2011).

obtained from another servicer and he was unfamiliar with how any of the data entries were made, either at the servicer for whom he worked or the servicer on whose data he relied.  83 So. 3d at 782.  In WAMCO, the witness testified to procedures the servicer for whom he worked used and testified about his personal experience in servicing the loans at issue.  903 So. 2d at 233.  Because in this case the bank's witness testified to procedures the servicer for whom she worked used in some detail and also testified about her personal experience with these loans in particular, the evidence sought to be adduced could be admitted as a business record.  See id. (citing § 90.803(6)).  Thus, the court erred in concluding that the witness's testimony was inadmissible hearsay, and it should have admitted the evidence.

Because the court erred in concluding that AS Lily was not a proper party, lacked standing, and that its witness's testimony was inadmissible, we reverse and remand for a new trial.

Reversed and remanded.


ALTENBERND and LaROSE, JJ., Concur.