DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIO A. RODRIGUEZ** and **LENDY RODRIGUEZ,**
Appellants,

v.

**WELLS FARGO BANK, N.A.,** d/b/a **AMERICA'S SERVICING COMPANY,**
Appellee.

No. 4D14-100

[October 14, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard Harrison, Senior Judge; L.T. Case No. 502010CA001392XXXXMB.

Brian Korte of Korte and Wortman, P.A., West Palm Beach, for appellants.

Dean A. Morande and Michael K. Winston of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

CIKLIN, C.J.

Mario and Lendy Rodriguez ("the homeowners") appeal a final judgment of foreclosure entered in favor of Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("the bank"), contending that the bank failed to establish standing to foreclose. We agree and reverse.

The bank brought a foreclosure action against the homeowners in 2010 alleging it was "the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage." The copy of the note attached to the complaint was not indorsed.

Prior to trial, the bank filed the original note in the court registry, which contained an indorsement in blank. At trial, the testimony of the bank's witness established that the bank was the servicer of the note and that the bank had possessed the original note since 2007. The trial court denied the homeowners' motion for involuntary dismissal of the action based on the bank's lack of standing and entered final judgment for the bank.

On appeal, the homeowners argue that standing to foreclose was not demonstrated because the bank failed to prove that it had authority to pursue the action as the servicer of the note. The bank counters that it demonstrated standing to foreclose through evidence that it possessed the note prior to the filing of the complaint.

"'We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*.'" *Tremblay v. U.S. Bank, N.A.*, 164 So. 3d 85, 86 (Fla. 4th DCA 2015) (quoting *Lacombe v. Deutsche Bank Nat'l Trust Co.*, 149 So. 3d 152, 153 (Fla. 1st DCA 2014)).

"A crucial element of any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" at the time the complaint is filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "'[T]he person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder.'" *Wells Fargo Bank, N.A. v. Morcom*, 125 So. 3d 320, 321 (Fla. 5th DCA 2013) (quoting *Deutsche Bank Nat'l Trust Co. v. Lippi*, 78 So. 3d 81, 84 (Fla. 5th DCA 2012)).

"'The Florida real party in interest rule, Fla. R. Civ. P. 1.210(a), permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest.'" *Elston/Leetsdale, LLC v. CWCapital Asset Mgmt. LLC*, 87 So. 3d 14, 17 (Fla. 4th DCA 2012) (quoting *Mortg. Elec. Registration Sys., Inc. v. Azize*, 965 So. 2d 151, 153 (Fla. 2d DCA 2007)). A servicer that is not the holder of the note may have standing to commence a foreclosure action on behalf of the real party in interest, but it must present evidence, such as an affidavit or a pooling and servicing agreement, demonstrating that the real party in interest granted the servicer authority to enforce the note. *See id.* ("[A] servicer may be considered a party in interest to commence legal action as long as the trustee joins or ratifies its action.") (emphasis omitted); *see also Russell v. Aurora Loan Servs., LLC*, 163 So. 3d 639, 643 (Fla. 2d DCA 2015) (reversing final judgment of foreclosure where servicer failed to adduce evidence of predecessor's authority to bring suit).

Because the bank was the servicer of the note and it brought the action in its own name, it was required to prove that it had authority to commence the foreclosure action. Although the bank established that it possessed the note at the time the complaint was filed and it filed the original note indorsed in blank, the record does not demonstrate when the blank indorsement was placed on the note. The bank therefore failed to prove

that it had standing as the holder of the note when it commenced the action. Further, the bank failed to prove that it was a nonholder in possession of the note with the rights of a holder. The bank introduced no power of attorney, pooling and servicing agreement, or other evidence to show that the real party in interest authorized it to bring the action. Consequently, the bank failed to prove it had standing to enforce the note.

Pursuant to Florida Rule of Civil Procedure 1.420(b), "[a]fter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief." Accordingly, the homeowners are entitled to an involuntary dismissal of the action, and we reverse and remand for the trial court to enter such an order.

In light of our reversal, the remaining issue raised by the homeowners is moot.

*Reversed and remanded with instructions.*

TAYLOR, J., concurs.
CONNER, J., concurs specially with opinion.

CONNER, J., concurring specially.

I concur with the majority opinion, but I write to address an area of foreclosure law regarding standing that I contend has become imprecise, and thus, somewhat unclear.

With some regularity in foreclosure actions, the complaint alleges, as in this case, that the plaintiff has alternative statuses as a "holder" of the note and a nonholder in possession with the rights of a holder, using some combination of words to allege that status. The homeowners argue that the case law has clearly held the two statuses are mutually exclusive; to have standing to enforce a note, one must be either a holder *or* a nonholder in possession with the rights of a holder, but one cannot be both. We are unaware of any case which makes such a definitive holding. Instead, the case law recognizes that standing can at times be "very complex" because "the ways to allege standing to foreclose on a note are many and often very complex." *Wells Fargo Bank, N.A. v. Bohatka*, 112 So. 3d 596, 602 (Fla. 1st DCA 2013); *see also Jelic v. LaSalle Bank, Nat'l Ass'n.*, 160 So. 3d 127, 129 (Fla. 4th DCA 2015) (commenting on "the various ways a plaintiff can establish standing").

3

Due to plaintiffs frequently alleging alternative statuses for standing, the case law regarding standing in foreclosure cases has at times been somewhat imprecise, in large part because the cases do not always focus on and analyze the dual core elements of standing.[1]  As discussed in more detail shortly, the core elements, established by Florida's Uniform Commercial Code (the Florida UCC), are (1) *to whom is the note payable* and (2) *who has possession of the note* on the date suit is filed.[2]  In the context of bearer notes, some confusion in analysis has occurred" because it is sometimes forgotten that a thief can enforce a bearer note.  For example, with regards to bearer notes, courts have concluded there was no standing because there was no proof of ownership of the note,[3] when ownership status is not an element of standing; with bearer notes, *possession of the note* is the significant core element to be analyzed.  Another example leading to some confusion is the frequent invocation of *McLean v. JP Morgan Chase Bank National Ass'n,* 79 So. 3d 170 (Fla. 4th DCA 2012), when discussing principles of standing in foreclosure cases involving bearer notes:

> "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." [*Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013)] (citing *McLean v. JP*

---

[1] The discussion of the dual core elements of standing is limited to cases in which the note has not been lost or improperly canceled or surrendered.

[2] There is a recent opinion from the Second District indicating that standing is determined as of the date an amended complaint is filed, rather than the initial filing date of the suit.  *AS Lily LLC v. Morgan*, 164 So. 3d 124, 125 (Fla. 2d DCA 2015) ("But by the time the verified first amended complaint to foreclose the mortgage was filed, AS Lily was the holder of the note and mortgage.").  The First District recently issued an opinion suggesting that a plaintiff having standing when suit is filed may lose standing by the time of trial.  *Pennington v. Ocwen Loan Servicing, LLC,* 151 So. 3d 52, 54 (Fla. 1st DCA 2014) ("[E]ven if Ocwen had standing at the commencement of the suit, it would have lost such standing when it was no longer legally entitled to own or enforce the note.").

[3] *Joseph v. BAC Home Loans Servicing, LP*, 155 So. 3d 444, 445 (Fla. 4th DCA 2015) ("We agree that the plaintiff produced no evidence to show that it owned the note or mortgage on the date of the filing of the complaint."); *Am. Home Mortg. Servicing, Inc. v. Bednarek*, 132 So. 3d 1222, 12 (Fla. 2d DCA 2014) ("A foreclosure plaintiff has standing if it owns and holds the note at the time suit is filed.") (citation omitted);  *Olivera v. Bank of Am., N.A.*, 141 So. 3d 770, 773 (Fla. 2d DCA 2014) ("Nothing in the record reflects a chain of transfer of interest in the note from the original lender, Ocwen, to BAC, the original plaintiff, or that BAC became the holder of the note before it filed the subject complaint.").

*Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012)).

*Tremblay v. U.S. Bank, N.A.,* 164 So. 3d 85, 86 (Fla. 4th DCA 2015); *see also Ham v. Nationstar Mortg., LLC*, 164 So. 3d 714, 717-18 (Fla. 1st DCA 2015). The discussion of *McLean* in the case law suggests that the types of proof presented define the theories or elements of standing, when such is not the case.

*Statutory Framework as to Who Is Entitled to Enforce the Note*

Florida case law makes clear that the right to enforce a mortgage (by forced sale of property) is dependent on the right to enforce the note secured by the mortgage. *See WM Specialty Mortg., LLC v. Salomon*, 874 So. 2d 680, 682 (Fla. 4th DCA 2004) ("[A] mortgage is but an incident to the debt, the payment of which it secures." (quoting *Johns v. Gillian*, 184 So. 140, 143-44 (Fla. 1938)). The person or entity entitled to enforce the note is the person or entity to whom payment on the note is due. § 673.6021(1), Fla. Stat. (2010) ("[A]n instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument."). Under the Florida UCC, the person or entity entitled to enforce the note (that is, receive payment on the note) must be either: (1) the holder of the note; (2) a nonholder in possession of the note who has the rights of a holder; or (3) a person or entity who is not in possession of the note because the note has been lost or was mistakenly surrendered or canceled as paid, but who has the status of a holder. § 673.3011, Fla. Stat. (2010). As can be seen from the statutory requirements, the person or entity entitled to enforce the note must have the rights of a holder. The Florida UCC specifically provides that a person may be entitled to enforce a note "*even though the person is not the owner of the instrument or is wrongful possession of the instrument.*" § 673.3011, Fla. Stat. (2010) (emphasis added).

The Florida UCC defines a "holder" to be "[t]he person *in possession* of a negotiable instrument that is payable either to bearer or to an identified person *that is the person in possession.*" § 671.201(21)(a), Fla. Stat. (2010) (emphasis added). Thus, the statutory provisions regarding the definitions of holder and who is entitled to enforce a note make it clear that standing depends on (1) *to whom the note is payable* and (2) *who has possession of the note,* assuming the note was not lost or improperly surrendered or canceled. The case law says the critical time for determining the status of the two core elements is the date the suit is filed. *McLean,* 79 So. 3d at 173.

Because possession of the note is one of the core elements for having the right to enforce a note, the Florida UCC also has provisions discussing concepts of "negotiation" and "transfer" of a note. These statutory provisions have not been discussed extensively in the case law regarding standing. Nonetheless, these provisions have significant importance for an analysis of standing, because they impact how the two core elements of standing play out.

Section 673.2011, Florida Statutes, addresses "negotiation" and provides:

> (1) The term "negotiation" means *a transfer of possession,* whether voluntary or involuntary, of an instrument *by a person other than the issuer to a person who thereby becomes its holder.*

> (2) Except for negotiation by a remitter, *if an instrument is payable to an identified person, negotiation requires* **transfer of possession** *of the instrument and* **its indorsement by the holder**. *If an instrument is payable to bearer, it may be negotiated* **by transfer of possession alone**.

§ 673.2011, Fla. Stat. (2010) (emphasis added).

Section 673.2031, Florida Statutes, deals with "transfer" of a note and provides, in part:

> (1) An instrument is transferred when it is *delivered* by a person other than its issuer *for the purpose of giving to the person receiving delivery the right to enforce the instrument.*

> (2) *Transfer of an instrument,* whether or not the transfer is a negotiation, *vests in the transferee any right of the transferor to enforce the instrument,* including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.[4]

---

4 The national Uniform Commercial Code Comment to this statute explains that the exception announced in subsection (2) was adopted because "[a] person who is party to fraud or illegality affecting the instrument is not permitted to wash the instrument clean by passing it into the hands of a holder in due course and then repurchasing it." § 673.2031, Fla. Stat. Ann., UCC cmt. 2 (West 2010).

(3) Unless otherwise agreed, *if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor,* **but negotiation of the instrument does not occur until the indorsement is made**.

§ 673.2031, Fla. Stat. (2010) (emphasis added).

Because possession of the note is critical for the right to enforce a note, the Florida UCC also has provisions which are directives affecting entitlement of payment on the note by virtue of signatures on the note. Section 673.3081(2), Florida Statutes (2010), provides

(2) If the validity of signatures is admitted or proved[,] . . . *a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under s. 673.3011,* unless the defendant proves a defense or claim in recoupment.

§ 673.3081(2), Fla. Stat. (2010) (emphasis added).

As can be seen from the statutory framework, *ownership* (or history of transfer) of the note is not the issue, with regards to standing, unless the note is not in bearer form or is payable to someone or some entity other than the plaintiff filing suit. In such case, documentation or evidence regarding ownership, assignment, or transfer of the note must prove the plaintiff has the rights of a holder. §§ 671.201(21); 671.2011(1); 673.2031(1), (2), and (3); 673.3011(2); and 673.3081(2), Fla. Stat. Stated another way, ownership, assignment, or transfer of the note is important to the analysis of standing only when the plaintiff is a nonholder in possession of the note with the rights of a holder.

The majority opinion explains why the bank's argument that it was entitled to enforce the note cannot be upheld on appeal. I now express my additional observations regarding the evidence submitted to the trial court on the issue of standing—specifically, regarding whether the bank proved its status as holder.

*Status as Holder*

The original note filed with the trial court contains an undated blank indorsement. The bank's sole witness at trial testified that the bank had continuous possession of the original note when it began servicing the loan in August 2007 until the note was filed with the court. That evidence, the

7

bank argues, was competent substantial evidence to support the trial court's finding that the bank had standing to file the suit as the holder of the note.

The bank's argument fails. The bank does not dispute that its witness could offer no proof as to when the blank indorsement was placed on the note. No testimony was offered that the blank indorsement was on the note on the date suit was filed. To the extent the bank is traveling on the status of a holder of a blank indorsed note, the core element of possession was proven, but the core element concerning to whom the note was payable on the date suit was filed was not proven. Evidence of possession of the note since 2007 does not establish that the note was endorsed in blank prior to suit being filed.

Thus, I agree with reversing the final judgment in this case.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***