ALTENBERND, Judge,
Concurring.
I have no objection to the court clarifying the decision in AS Lily LLC v. Morgan, 164 So.3d 124 (Fla. 2d DCA 2015). As a panel member on that case, I believe that it is distinguishable; perhaps, however, the rationale for our holding could have been stated more clearly.
In AS Lily, the original complaint was filed by a plaintiff other than AS Lily. That complaint sought to-re-establish a lost note and to foreclose on the related mortgage. Four years later in 2012, and without objection, the trial court entered an order allowing the filing of an amended complaint. The original plaintiff, was .dropped from the foreclosure case and AS Lily appeared as the plaintiff. AS Lily’s verified complaint attached the no-longer-lost note and mortgage.
The owners of the commercial property involved in AS Lily did not answer the amended complaint or file a motion challenging AS Lily’s standing. Thus, as to AS Lily, the panel concluded that standing should be determined on the date of the amended ■ complaint because it was effectively the original complaint for the new plaintiff, AS Lily. If AS Lily had been a party to the case four years earlier or if it had obtained its rights by assignment from the original plaintiff, the outcome, clearly, would have been different. Thus, I continue to believe.that AS Lily was correctly *191 decided. It simply involved a relatively unique set of facts.
LaROSE and CRENSHAW, JJ., Concur.