PER CURIAM.
Appellant, David Luiz, appeals the trial court’s order granting Final Judgment of Foreclosure in favor of Appellee, Lynx Asset Services (“Lynx”), arguing that Lynx failed to establish standing at the time suit was filed. We agree and reverse.
The original plaintiff, Liquidation Properties, Inc. (“Liquidation”), filed the underlying mortgage foreclosure suit against Appellant on June 9, 2009. In its complaint, Liquidation alleged that it “owns and/or holds” the note and mortgage. However, the complaint also contained a second count for reestablishment of promissory note. Attached to the complaint was a copy of the subject mortgage, reflecting that the original lender was Quick Loan Funding. Significantly, no copy of the note was attached to the complaint. Appellant filed his answer to the complaint raising lack of standing as an affirmative defense.
Thereafter, Lynx was substituted as party plaintiff. In its motion for substitution, Lynx alleged that it was the owner of the note and mortgage, and that ownership of the loan was transferred to it from' the original plaintiff, Liquidation, via an assignment. Subsequently, Lynx amended its complaint to allege that it was the owner of the lost note, which it sought to reestablish.’ Attached to the amended complaint were copies of the mortgage, the lost note, and a lost note affidavit by a member of the law firm previously representing Liquidation. The copy of the note contained an undated blank indorsement by the original lender, Quick Loan Funding.
Thereafter, Lynx amended its complaint a second time, attaching a lost note affidavit executed by a vice president of Lynx, which incorporated and attached the prior lost note affidavit by prior counsel to Liquidation. In the lost note affidavit, the vice president stated that “[t]he Plaintiff [apparently referring to Liquidation] was the owner and holder of the subject promissory note sued upon when the loss of possession occurred.” The affidavit further stated that “the loan ... was subsequently sold to Liquidation Properties N/K/A Citi on June 3, 2009.” The vice president further attested that at the time the note was lost, it was in the office of the previous plaintiffs counsel, and that it was lost in the transfer from that law office to the current counsel’s office.
The matter proceeded to a'nonjury trial where Lynx’s trial witness was the vice president who signed the affidavit attached to'the latest amended complaint. He testified that his duties include buying assets and non-performing loans, and that he is involved in the purchase and negotiation of the notes being purchased. The vice president testified that Lynx owned the subject loan, which it acquired from Citigroup *1104 Global Markets Realty Corp. (“Citi”), and that Liquidation was a subsidiary of Citi.[1] The witness testified that before purchasing the loan, he “confirmed” that Liquidation was the owner of the loan at the time the complaint was filed. The witness identified a copy of the note and explained that, at the time Lynx purchased the note, it was being held by the law firm that filed the initial action and that the note was lost by that firm when counsel was substituted. He. testified, that Lynx did not have the opportunity to locate the note, that the loss of possession was not the result of a transfer by a person or a lawful seizure, and that Lynx could not reasonably obtain possession of the note because it has been lost or destroyed. He further testified that if the note was found, Lynx would indemnify the defendant in the case.
When Lynx sought to admit the copy of the note into evidence and reestablish the terms of the lost note, Appellant objected, arguing that Lynx had not met its burden in reestablishing the lost note. Specifically, Appellant argued that the witness was not qualified to testify as to the facts regarding the location of the note, how the note was lost, or how it was transferred. During Appellant’s voir dire of the witness, the witness maintained that the note was lost after Lynx purchased it, and in support of this, he indicated that there was a lost note affidavit by prior counsel in the court file.[2] The witness also testified that he spoke to the prior law firm before Lynx purchased the note, and was advised that prior counsel had possession of the note and that they subsequently lost possession of it when they attempted to transfer it to current, counsel. The witness also admitted that he did not know when the blank indorsement was placed on the note.
Appellant’s counsel reiterated her objection, arguing that the witness was incapable of reestablishing the lost note where it was neither in Lynx’s possession nor its attorney’s possession when it was purportedly lost. The objection was overruled and the note was reestablished.
Afterwards, Lynx introduced an assignment of mortgage into evidence, over Appellant’s unfair surprise objection. The assignment was executed on August 7, 2009 (after the filing of the complaint) and reflects an assignment of the mortgage, together with “all liens created or secured thereby, [and] all obligations therein described,” from MERS as nominee for the original lender, Quick Loan Funding, to Liquidation, effective June 3, 2009 (prior to the filing of the complaint).
At the close of the evidence, Lynx argued that it had established standing where the witness testified that, at the time the initial complaint was filed, Liquidation was the owner of the note and that Liquidation is a subsidiary of Citi from which Lynx purchased the i note. In response, Appellant’s counsel’ argued that Lynx failed to prove standing because the original complaint contained a lost note count, which contradicts the testimony that prior counsel, who filed the original complaint, possessed the note at that time and then lost it after the filing of the complaint during the transfer of attorneys. Appellant’s counsel argued that no one from the prior counsel’s firm testified as to the location of the note at the time of the filing of the complaint. Rejecting the defense arguments, the trial court entered final judgment of foreclosure in favor of Lynx. Appellant gave notice of appeal.
*1105 On appeal, Appellant argues, as he did below, that the trial court erred in entering judgment in favor of Lynx, where Lynx failed to . establish standing at the time suit was filed.
Standing of the plaintiff to foreclose on a mortgage must be established at the time the plaintiff files suit. See McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). While courts have permitted foreclosure by a substituted party plaintiff, the original plaintiff must have had standing at the inception of the suit. See Lewis v. J.P. Morgan Chase Bank, 138 So.3d 1212, 1213 (Fla. 4th DCA 2014). In this case, not only must Lynx have established its own standing, but as a substituted plaintiff, it was also required to prove that the original plaintiff, Liquidation, had standing at the time it filed the original complaint.
Under the Florida UCC, the person or entity entitled to enforce the note must be either: (1) the holder of the note; (2) a nonholder in possession of the note who has the rights of a holder; or (3) a person or entity who is not in possession of the note because the note has been lost or was mistakenly surrendered, or canceled as paid, but who has the right to enforce the instrument as either holder or nonholder in possession with the rights of a holder. §§ 673.3011, 673.3091, Fla. Stat. (2016) (emphasis added). Here, Liquidation filed suit on June 9, 2009, alleging that it “owns and/or holds” the note in one count, and alleging the note was lost at the time of filing the complaint in another count.[3] Therefore, as Appellant correctly argues, at trial, in order to establish standing to file suit, in addition to establishing the lost note requirements of section 673.3091, Lynx was required to show that Liquidation lost possession of the note, but still retained the right to enforce the note at the time the complaint was filed. However, Lynx failed to put forth sufficient evidence to, .prove Liquidation’s standing to file suit.
First, in order for Lynx to prove that Liquidation had the right to enforce the note because it “owned or held” the note at the time suit was filed, Lynx would have had to establish that Liquidation was either a holder of the note (with possession) or a nonholder in possession with the rights of a holder. To be a holder, Lynx would have had to shdw that Liquidation was “in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.” § 671.201(21)(a), Fla. Stat. (2015). While the note contained a blank indorsement, a copy of the note with the blank indorsement was not attached to the original complaint; and only emerged later in the proceedings. Notably, there was no evidence as to when the indorsement was placed on the note, and therefore, no evidence as to whom the note was payable at the time suit was filed. See e.g., Perez v. Deutsche Bank Nat’l Trust Co., 174 So.3d 489, 491 (Fla. 4th DCA 2016).
In order for Lynx to prove that Liquidation had the right to enforce a lost note as a holder at the time suit was filed, Lynx would have to establish that Liquidation had possession of the note with a blank indorsement prior to suit being filed, but lost possession of the note under circumstances that would not negate its right to enforce. See §§ 673.3011, 673.3091, Fla. Stat. (2015). Although Lynx’s vice president testified that he spoke with a member of Liquidation’s counsel, who said that the firm had possession of the note and that the firm subsequently lost possession of it *1106 when the firm attempted to transfer the note to current counsel, such does not qualify as competent substantial evidence that the note was indorsed in blank prior to suit being filed.[4]
The only written documentation to show a transfer of the note from the original lender, Quick Loans Funding, to the original plaintiff, Liquidation, was a backdated assignment of mortgage entered into evidence. However, as we have previously held, a backdated assignment alone cannot confer standing upon Liquidation since it was executed after Liquidation filed its complaint. See Tremblay v. U.S., Bank, N.A., 164 So.3d 85, 86 (Fla. 4th DCA 2015),
Even if the case had proceeded under a theory that Liquidation was a nonholder- in possession with the rights of the holder, Lynx would have had to prove each transfer of the note, “In such case, documentation or evidence regarding ownership, assignment, or transfer of the note must prove the plaintiff has the rights of a holder.” Rodriguez v. Wells Fargo Bank, N.A., 178 So.3d 62, 67 (Fla. 4th DCA 2015) (Conner, J., concurring) (emphasis added). We have explained that a nonholder in possession:
[C]annot rely on possession of the instrument alone as a basis to enforce it.... The transferee does not enjoy the statutorify provided assumption. of the right to enforce the instrument that accompanies a negotiated instrument, and so the transferee ‘must account-for possession of the unendorsed instrument by proving the transaction through which the transferee acquired it.’ ” Com. Law § 3-203 cmt. 2. “If there are multiple prior transfers, the transferee must prove each prior transfer. Once the transferee establishes' a successful transfer from a holder, he or she acquires the enforcement rights of that holder. ■
Seffar v. Residential Credit Sols., Inc., 160 So.3d 122, 126 (Fla. 4th DCA 2015) (quoting Murray v. HSBC Bank, 157 So.3d 355, 358 (Fla. 4th DCA 2015)). Here, there was insufficient evidence presented to prove a transfer of the note from the original lender to Liquidation as a non-holder in possession with the rights of a holder. ■ Thus, Liquidation’s standing to file suit as a holder or nonholder in possession was not proven.
Because Lynx failed to establish- sufficient evidence of standing at the inception of the suit, we, reverse the final judgment of foreclosure.

Reversed.

WARNER, MAY and CONNER, JJ., concur.

. We note there was no attempt to introduce the lost note affidavit of prior counsel into evidence.

. It appears from the second amended complaint that 'Lynx proceeded to trial under the theory that Liquidation and Lynx, respectively, were entitled to, enforce the note as "owner and holder.” ■

./ ,We note that the vice president’s testimony about the assertion by prior counsel that the prior law firm had possession of the note is inconsistent with count 2 of the initial complaint, alleging that the note was lost and not in the possession of Liquidation at the time suit was filed. We also note that,Appellant argues that the vice president's testimony that he checked into the history of the note and learned that Liquidation was the prior owner should have been stricken as hearsay and not best evidence. However, review of the record reflects that Appellant’s counsel herself elicited this very testimony on voir dire without moving to strike it from the record, thus inviting the error on the record.