DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK WATERS,**
Appellant,

v.

**WILMINGTON TRUST, NATIONAL ASSOCIATION,** not in its individual capacity but as Trustee for **ARLP SECURITIZATION TRUST SERIES 2015-1,** as party plaintiff for **U.S. BANK NATIONAL ASSOCIATION,** as trustee for the benefit of the Holders of SerVertis Fund I Trust 2008-1 Certificates, Series 2008-1 acting by and through Green Tree Servicing LLC, in its capacity as Servicer,
Appellee.

No. 4D17-2300

[June 13, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 50-2011-CA-005018-XXXX-MB-AW.

Brittani S. Gross and Kendrick Almaguer of The Ticktin Law Group, PLLC, Deerfield Beach, for appellant.

Roy A. Diaz of SHD Legal Group, P.A., Fort Lauderdale, for appellee.

GROSS, J.

The issue in this case is whether Wilmington Trust, the substituted plaintiff, established that the original plaintiff had standing to bring this foreclosure action. Because there was insufficient evidence of the original plaintiff's standing, we reverse the final judgment of foreclosure.

As evidence of its standing, the original plaintiff attached copies of the note, the mortgage, and an assignment of the mortgage to the complaint. The note attached to the complaint was not made payable to the plaintiff, and it contained no indorsements. The assignment unequivocally assigned *only* the mortgage – the note was not mentioned. More than a year later, the plaintiff filed the original note. Unlike the note attached to the complaint, the original note was indorsed in blank.

Wilmington Trust was substituted for the original plaintiff. The only witness to testify at the non-jury trial was an employee of the servicer. The witness acknowledged the indorsement on the note, but was not asked when the indorsement was placed or when the original plaintiff came into possession of the note. The witness was not asked when the loan was transferred to the original plaintiff, and testified that he assumed the assignment of the mortgage was also an assignment of the note. In the end, when asked if there were any documents in evidence establishing that the original plaintiff ever held the note, the witness said, "not before me."

"[A] plaintiff in a foreclosure action must establish its standing both at the time the complaint was filed and when judgment is entered." *Spicer v. Ocwen Loan Servicing, LLC*, 238 So. 3d 275, 278–79 (Fla. 4th DCA 2018). A substituted plaintiff is required to establish that the original plaintiff had standing when it filed the original complaint. *Luiz v. Lynx Asset Servs., LLC*, 198 So. 3d 1102, 1105 (Fla. 4th DCA 2016).

Here, Wilmington Trust failed to establish the original plaintiff had standing as either a holder or a nonholder in possession because there was no proof the original plaintiff had possession of the note when the action was commenced. Because the original note was not the same as the note attached to the complaint, the fact that the original plaintiff eventually filed the original note was not proof of its standing or possession of the original note at the time suit was commenced. *See Friedle v. Bank of New York Mellon*, 226 So. 3d 976, 978-79 (Fla. 4th DCA 2017).

Because Wilmington Trust failed to prove the original plaintiff's standing when suit was filed, the trial court erred in entering the final judgment of foreclosure. We reverse and remand for vacation of the final judgment and entry of an involuntary dismissal of the complaint.

GERBER, C.J., and CONNER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***