WARNER, J.
We affirm the order denying appellants’ motion for relief from final judgment of foreclosure. Appellants claim lack of standing. We have held, however, that *219 standing may not be raised in a motion for relief from final judgment where no affirmative defense of lack of standing was raised in the original proceeding raising the issue. See, e.g., Phadael v. Deutsche Bank Trust Co. Americas, 83 So.3d 893, 895 (Fla. 4th DCA 2012); Beaulieu v. JPMorgan Chase Bank Nat’l Ass’n, 80 So.3d 365 (Fla. 4th DCA 2012). Nevertheless, in this case the complaint was filed by the original payee and mortgagee, who assigned its interest in the note and mortgage to the appellee during the suit, substituting appellee as the party plaintiff. Thus, appellee stands in the shoes of the original plaintiff/mortgagee.
In addition, appellants claim that the note was not properly indorsed, so appellee could not show it was the holder of the note entitled to enforce it. Although the original note was not indorsed, the record shows that both the mortgage and note were assigned to appellee by the original payee by recorded assignment, and the original note was filed with the court. As such, appellee became a non-holder in possession of the instrument, entitled to enforce it. See § 673.3011(2), Fla. Stat. (2011); Taylor v. Deutsche Bank Nat’l Trust Co., 44 So.3d 618, 622 (Fla. 5th DCA 2010).
Appellants point to a copy of the note filed in the proceedings which appears to have an endorsement on it, even though the original note filed in these proceedings has no endorsement. Although this copy of the note may be false and could be grounds for disciplinary action, it does not affect the determination of the substantive issues in the case.

Affirmed.

STEVENSON and GROSS, JJ., concur.