DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BEACON PLACE OF CORAL SPRINGS CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**NATIONSTAR MORTGAGE, LLC,**
Appellee.

No. 4D14-3655

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Weinstein, Judge; L.T. Case No. CACE 13-993711.

John S. Bernstein and Steven M. Canter of Tucker & Tighe, P.A., Fort Lauderdale, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee; Henry H. Bolz and William P. Heller of Akerman LLP, Fort Lauderdale, for appellee.

MAY, J.

A condominium association appeals a final summary judgment of foreclosure in favor of the servicer. In its first issue, the condominium association argues the servicer failed to establish standing. We agree and reverse the final summary judgment of foreclosure.

The borrower executed a note and mortgage in favor of Franklin American Mortgage Company ("Franklin"). The condominium association subsequently obtained title to the property through a lien foreclosure for unpaid condominium association assessments. The condominium association recorded its lien in 2010.

The borrower defaulted on the note in May 2009. In April 2013, Nationstar filed a complaint against the condominium association to foreclose on the mortgage and reestablish the lost note. Nationstar alleged that Federal National Mortgage Association ("FNMA") was the note owner and it was "the servicer of the loan and has the right to enforce the note." It asserted that the condominium association was the current owner of the

real property for which the borrower executed the mortgage.  It requested a final judgment in its favor and asked the court to deem the condominium association's lien inferior and subordinate to FNMA's mortgage lien.

Attached to the complaint was a copy of the note and mortgage.  The note contained an undated specific endorsement from Franklin to CitiMortgage, Inc. ("CitiMortgage").  The mortgage was recorded on April 4, 2006.

Nationstar moved for summary final judgment, and filed an affidavit of indebtedness, which Nationstar's Assistant Secretary, Rachael Yoo ("Secretary Yoo") signed on June 9, 2014.  The payment history was attached to the affidavit of indebtedness.  Also attached was a page that contained the words "Lien: 1."  In her affidavit, Secretary Yoo stated that the "Plaintiff is the holder of the promissory note."  Nationstar also filed the original note, which now contained an undated blank endorsement from CitiMortgage.

A few days later, the condominium association filed its answer and asserted lack of standing and failure to state a cause of action as affirmative defenses because there was no allegation that the mortgage was superior to the condominium association's lien or title.  The court entered a final summary judgment of foreclosure in favor of Nationstar, from which the condominium association now appeals.

The condominium association argues the trial court erred in entering summary judgment because a genuine issue of material fact existed regarding Nationstar's standing when the complaint was filed.  The condominium association argues that the later filed original note with the blank endorsement was undated and there was no evidence as to when the endorsement was stamped on the original note.

Nationstar responds that it was entitled to enforce the note and mortgage when the complaint was filed.  It argues Secretary Yoo's affidavit, along with the original blank-endorsed note, and the existence of a recorded assignment of mortgage that predates the action by two years proves standing.  The condominium association replies that there is no evidence to support Nationstar's authority to act as servicer for CitiMortgage.

We have de novo review of the summary judgment.  *McLean v. JP Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 172 (Fla. 4th DCA 2012) (citing *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000)).

2

Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" when the complaint is filed. *McLean*, 79 So. 3d at 173. "[S]tanding may be established from the plaintiff's status as the note holder, regardless of any recorded assignments." *Id.* "If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." *Id.* The plaintiff may also show "evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as the holder of the note." *Id.* "[I]f the plaintiff relies upon an affidavit of ownership to prove its status as a holder . . . on the date the lawsuit was filed, it is sufficient if the body of the affidavit indicates that the plaintiff was the owner of the note and mortgage before suit was filed." *Id.* at 174.

Nationstar first argues it had standing as the holder of the note. Unfortunately for Nationstar, its proof fell short. When Nationstar filed the complaint, it attached a copy of the note that had a special endorsement in favor of CitiMortgage, which does not prove Nationstar had standing at that time.

It later filed the original note, which then had a blank endorsement from CitiMortgage, but this alone does not establish standing when the complaint was filed. *See Peoples v. Sami II Trust 2006-AR6*, 40 Fla. L. Weekly D2328 (Fla. 4th DCA Oct. 14, 2015). Nationstar could have proved standing through an affidavit of ownership, but Secretary Yoo's affidavit attested only that Nationstar was the holder of the note. Secretary Yoo did not attest to when Nationstar became the holder or when the blank endorsement was placed on the original note.

Nationstar also argues the payment history shows that CitiMortgage transferred its servicing rights to Nationstar in November 2010. But, the payment history does not mention Nationstar and does not prove standing. This is true especially where, on summary judgment, inferences are taken in favor of the non-moving party. *Poe v. IMC Phosphates MP, Inc.*, 885 So. 2d 397, 400 (Fla. 2d DCA 2004).

Next, Nationstar argues that CitiMortgage assigned the subject mortgage to it in June 2011. But, the assignment of mortgage is not in the record. *E.I. DuPont De Nemours & Co. v. Native Hammock Nursery, Inc.*,

698 So. 2d 267, 270 (Fla. 3d DCA 1997).

Nationstar claims the trial court could have found it was a non-holder in possession with the rights of a holder, citing *Miller v. Kondaur Capital Corp.*, 91 So. 3d 218 (Fla. 4th DCA 2012). *Miller* is distinguishable. There, the borrowers argued lack of standing, in part, because the note was not properly endorsed. *Id.* at 219. We held the lender was a non-holder in possession with enforcement rights because, "the record shows that both the mortgage and note were assigned to [the lender] by the original payee by a recorded assignment, and the original note was filed with the court." *Id.* Here, the note was properly endorsed, but there was no evidence as to when, and the assignment of mortgage did not assign the note. Nationstar could not have been a non-holder in possession with enforcement rights under *Miller*.[1]

"When a party raises affirmative defenses, '[a] summary judgment should not be granted where there are issues of fact raised . . . which have not been effectively factually challenged and refuted.'" *Alejandre v. Deutsche Bank Trust Co. Ams.*, 44 So. 3d 1288, 1289 (Fla. 4th DCA 2010) (alteration in original) (quoting *Cufferi v. Royal Palm Dev. Co.*, 516 So. 2d 983, 984 (Fla. 4th DCA 1987)). Nationstar simply did not refute the condominium association's lack of standing affirmative defense.

We therefore reverse the final summary judgment because an issue of material fact exists regarding Nationstar's standing.

*Reversed and Remanded.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Even if FNMA was the owner and Nationstar was the servicer with FNMA's power to enforce the note, there is no evidence FNMA owned or held the note. There is also no record evidence that FNMA gave Nationstar any authority as servicer if FNMA was the true owner. *See Russell v. Aurora Loan Servs., LLC*, 163 So. 3d 639 (Fla. 2d DCA 2015).

4