DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALAN HA** a/k/a **ALAN T. HA** and **TRAM LEE HA** a/k/a **TRAM N. LE,**
Appellants,

v.

**BAC HOME LOANS SERVICING, L.P.,** f/k/a **COUNTRYWIDE HOME LOANS SERVICING, L.P.,**
Appellee.

No. 4D13-4198

[January 20, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; George A. Shahood, Senior Judge; L.T. Case No. 562009CA007220.

Jessica Vanvalkenburg of The Ticktin Law Group, P.A., Deerfield Beach, for appellants.

Adam M. Topel of Liebler Gonzalez & Portuondo, Miami, for appellee.

CIKLIN, C.J.

In this foreclosure appeal, the appellants contend that the appellee failed to establish it complied with a condition precedent and that it had standing at inception of the suit. As to the latter issue, we find merit and reverse on that ground.

Mr. Ha executed a promissory note made payable to Countrywide Home Loans, Inc. He and his wife executed a mortgage agreement securing the loan. Subsequently, the appellee, BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing ("BAC"), brought a foreclosure action against Mr. and Mrs. Ha. BAC alleged it was the servicer for the owner and acting upon the owner's authority. The copy of the note attached to the complaint was made payable to Countrywide Home Loans, Inc. and does not contain an endorsement.

At trial, BAC offered the original note, which contained an undated blank endorsement. BAC's witness, an employee of Bank of America, did not know when the endorsement was made.

On appeal, BAC argues that the original note established its standing to foreclose. Although BAC may have established its standing at the time of trial by filing the original note endorsed in blank, it did not establish its standing at inception of the suit.

By now it should be understood that a plaintiff's standing at inception of the suit is not established by filing the note with an undated endorsement after the complaint has been filed. *See Matthews v. Fed. Nat'l Mortg. Ass'n,* 160 So. 3d 131, 133 (Fla. 4th DCA 2015) (holding that standing at inception of the suit was not established where the note attached to the complaint was not made payable to the plaintiff and contained no endorsement, even though the original note endorsed in blank was introduced at trial); *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (finding that bank's submission of original note endorsed in blank did not establish standing at inception of suit where it was submitted several months after bank filed the complaint); *McLean v. JP Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012) ("'[T]he plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed.' Thus, a party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact." (citation omitted)).

BAC does not point to any evidence establishing its standing at the inception of the suit and the record does not reflect any such evidence was introduced at trial.

*Reversed.*

TAYLOR and LEVINE, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2